HORACE STEWART *vs.* OTIS THOMPSON.

ORLEANS,
*March,*
1831.

The assignment of a mortgage, peculiarly drawn, and showing the manifest intention of the parties to pass all the interest of the mortgagee, shall have that effect, though the sum of the consideration is not named, and though it does not express the assigning of the land, but only of the assignor's title, interest, &c. in the mortgage deed.

The defendant, claiming to hold under a deed of later date, than the plaintiff's mortgage deed, but which was first recorded, can derive no benefit from his priority of recording, when he knew of the plaintiff's deed, when he made his purchase.

The history of this case appears in the following bill of exceptions, brought up from the county court, to wit : "This was an action of *ejectment* for lands in Derby, being the second division lot, drawn to the original right of Abijah Hyde. The defendant pleaded the general issue, and the cause was submitted to the jury on the following testimony :—The plaintiff, for the purpose of supporting the issue on his part, offered to read to the jury a deed, purporting to have been executed by David Norris, to John Lindsey, conditioned for the payment of certain notes therein mentioned ; and on said mortgage deed an assignment of all said Lindsey's interest in said mortgage deed, to the plaintiff; and, in connexion therewith, a copy of said mortgage and assignment, from the records of lands in Derby, purporting to have been received for record, November 11, 1826, and to have been recorded November 31, 1829; and also two of the notes mentioned in the condition of said mortgage, indorsed to the plaintiff, without recourse, by John Lindsey. To the reading of which several papers to the jury the defendant objected ; but the court overruled the objection, and suffered the aforesaid papers to go to the jury : all of which said papers are hereby made a part of this case. The defendant acknowledged himself to have been in possession of the land in question at the date of the plaintiff's writ, and that he claimed to hold the same by a title derived from David Norris. The defendant offered to read to the jury a deed of warranty from said David Norris to the defendant of the land in question, purporting to have been recorded in the town clerk's office in Derby, on the 25th of March, 1828. The defendant also offered Lemuel Richmond, town clerk of said Derby, who testified that he recorded the mortgage deed, and assignment aforesaid, on the day the certificate on said copy bore date ; that the said mortgage deed and assignment came into his hands from a former town clerk, in a file of mortgage deeds, wherein it had been usual to keep mortgages, that were lodged for record. The plaintiff then offered testimony tending to show, that, about the

ORLEANS,
*March*,
1831.

Stewart
*vs.*
Thompson.

time of the date of the above mentioned mortgage deed, the defendant had knowledge of the existence of the same, but without knowing how large a portion of the consideration, paid by Norris for the land in question, was secured by said mortgage deed from Norris to Lindsey ; that defendant was informed, at the time of receiving said knowledge, that the mortgage deed was for the security of only a part of the price of said land. The testimony here closed. The jury returned a verdict for the plaintiff."

The cause was now argued on these exceptions.

*Argument for the defendant.*—We contend, that the mortgagee, before foreclosure, or before condition broken, could not, by assignment, convey the legal interest in the mortgaged premises ; without which the present plaintiff cannot maintain a suit at law to recover the possession. Because, by the statute of this state, the legal right of possession to the mortgaged premises is secured to the mortgagor, until condition broken. See statute, page 96. We consider the interest of the mortgagee in this state, as merely contingent ; which does not come within the idea of a present legal estate in the lands. Having no right of possession until after condition broken, it is, at most, only a possibility coupled with an interest, which is to take effect "in future ;" and not assignable at law. The mortgagor does not hold as tenant to the mortgagee, but strictly in his own right. The interest of the mortgagee, then, is as definitely contingent, as that of one to an executory devise ; or the *jus accrescendi* of a joint tenant; or the heir's hope of inheriting ; which interests are assignable only in equity.—See 10 *Coke*, 50, *a.* ; *Co. Litt.* 264, 6, 265, *a. note*, 212 ; 1 *Vesey*, 390, 409 ; 3 *Vesey*, 391 ; 7 *T. Rep.* 588 ; 1 *Mod. Chan.* 549 ; 2 *Cruise Dig.* 298 ; *Rem. tit. d.* 15, 20, 21, 22, 23 ; 2 *Bl. Com.* 291, and *Chitty's notes and authorities ; Bac. Abr. title assignment, A.*

A mortgage is a personal security for a debt, " a chose in action ;" and the mortgagee cannot, before foreclosure, exercise any acts of ownership, that will attach on the estate. He has no interest in the lands, that can be taken on execution, nor any estate, that will descend to his representatives.—2 *Swift's Dig.* 170. If then, as we contend, the mortgagee, before the law day is past, has no present interest, and, after the law day, a mere right of action for a condition broken, and that right liable to be defeated by payment of the mortgage money, it follows, that his assignee has no interest, which is the subject of this action ; and can no

ORLEANS,
March,
1831.

Stewart
vs.
Thompson.

more maintain ejectment in his own name, upon the assignment of the deed, than he could on an indorsement of the notes, and a delivery of the deed ; which will not be pretended. But, admitting, that the legal title to the premises in question can pass from the mortgagee by assignment, we maintain, that it must be by deed in due form of law. The writing upon the back of the mortgage deed, purporting to be an assignment, is insufficient for the purpose of vesting in Stewart any legal title to the mortgaged premises ; for that it is wanting in all the essential requisites of a deed. It will be observed, that the pretended assignment contains no consideration expressed, without which a deed is of no effect, and enures only to the benefit of the grantor himself.—2 *Bl. Com.* 296. The instrument is ineffectual, because it contains no description of estate ; which is necessary in order to determine what title, or interest, passes by the deed.—2 *Bl. Com.* 298. If *Stewart*, by an intrument as informal, and as inoperative, as the one upon the mortgage deed, obtained directly from Norris, the original proprietor, could not be said to have the better title, as against *Thompson*, who holds by a regular deed under Norris, it is not easy to be perceived, how he can maintain his action upon the strength of such a writing from the mortgagee of Norris. Lastly, the assignment does not pass any estate in the land ; for it contains no essential words of conveyance.

The next question, raised by the bill of exceptions, is, under all the circumstances of the case, which of the parties has priority of title. And here we contend, that the mortgage deed from Norris to Lindsey, being on file in the office of the town clerk of Derby, and there remaining for more than three years, before it was recorded, did not constitute a " recording at length," within the meaning of the statute, earlier than the time of its being actually spread upon the record. The jury should have been instructed, that, from the long time the deed had been in the office of the town clerk, and not recorded, and no attempt shown to compel the clerk to record it, and no request to him so to do, and no excuse shown for the delay, they were at liberty to infer, that such deed was not originally left for record, and so, void, as against a subsequent " *bona fide*" purchaser, whose deed was first recorded. We conclude that the filing of a deed in the office of a town clerk is not what is contemplated by the statute, in the words " recording at length." Nor can any such construction be deduced from the language of the statute. If such a doctrine should

HH

obtain, we conceive, that the very evils which the statute meant to remedy would be multiplied, and the doctrine of " *caveat emptor*" would extend to the imposing of such watchfulness upon every purchaser, that ordinary ability would be inadequate to perform. The Connecticut statute, upon the same subject, is copied almost verbatim ; except that clause, which enacts, that the record shall bear the date of the minute upon the deed, which the clerk is there required to make, on receiving it ; and which, in our statute, is entirely omitted, and not through inadvertence, but intentionally, as is evident. The filing of a deed under our statute we consider an anomaly ; for the deed is no part of the record of the office ; nor has the law made it so by adoption : it is not like the writ in the files of a court of record ; but strictly private property, and, in point of fact, is no more recorded when 'filed,' as it is termed, than if it had been lodged in the clerk's private desk, with a minute in his memorandum book, that the grantee wished it to be recorded. Had our legislature considered the lodging of a deed in the office of a town clerk a sufficient recording, no provision would have been made for towns' liability for the neglect of their clerks ; or for keeping books of records of deeds, or for clerks giving bonds for the faithful discharge of their duty. In short, we deem it clearly to be inferred from the statute upon the subject, that the grantee, who does not see to it, that his deed is actually put upon the record, in a reasonable time, must be postponed to a subsequent *bona fide* purchaser, whose deed is first recorded. Such seems to be the doctrine in those states, where no time is specified for recording deeds.—4 *Kent's Com.* 449 ; *Beers vs. Hawley*, 2 *Con. Rep.* 467 ; 1 *Swift's Dig.* 125. If we are correct in this position, then we say, the notice in fact attempted to be shown, under all the circumstances, is insufficient to postpone defendant's deed ; and the jury should have been so instructed. There was no evidence that defendant ever knew the contents of Norris' deed to Lindsey. The only knowledge, that *Thompson* was proved to have had of the deed, was that, at the time of Norris' purchasing the land in question, he secured the payment of the price by mortgage. *Thompson* had a right, then, from the lapse of time, the mortgage not being recorded, and Norris remaining in the undisturbed possession of the premises, to presume, that the mortgage deed had been cancelled, the condition being performed.—*Norcross vs. Widgery*, 2 *Mass. Rep.* 506 ; *Farnsworth vs. Child*, 4 *Mass. Rep.* 637. There must be actual no-

tice of a sum specified.—*Frost* vs. *Brekman*, 1 *Johns.* nan. Rep. 281; 18 *Johns. Rep.* 544. If a mortgage for $3000 is, by mistake, registered $300, it is good for that sum only as against a subsequent purchaser.—*Ibid.*

ORLEANS,
March,
1831.

Stewart
vs.
Thompson.

*The plaintiff's counsel contra.*—I. The plaintiff contends, that the assignee of the mortgagee may maintain ejectment against any person in possession under a title derived from the mortgagor subsequently to the execution of the mortgage.

1. By the common law the mortgagee may maintain ejectment at any time against the mortgagor for the recovery of the mortgaged premises, without notice to quit, or any other act whatever. 2 *Swift's Dig.* 167–8; *Doug. Rep.* 21, *Keech* vs. *Hall*; 1 *Aik. Rep.* 329, *Atkinson et al.* vs. *Burt et al.*; 4 *Kent's Com.* 148–9, *and cases there cited.* Although our statute gives the mortgagor the right of possession against the mortgagee until condition broken; yet, when that happens, both parties are restored to the same condition in which they stood at common law. 2 *Aik. Rep.* 410, *Munroe* vs. *Walbridge et al.*

2. Both parties have but one estate, and their rights and interests are compatible with each other.—2 *Peter's Cond. Rep.* 155, *Higginson* vs. *Mein.* The possession of the mortgagor is, in contemplation of law, the possession of the mortgagee, so that each one possesses an estate in the mortgaged premises, which he may legally transfer, notwithstanding the law relating to the sale of lands holden adversely.—2 *Swift's Dig.* 186, 170; 2 *Aik. Rep.* 410, *Munroe* vs. *Walbridge et al.*

3. The grantee or assignee of the mortgagor, receiving his title after the execution of the mortgage, stands in the place of the mortgagor, and holds the same estate in the mortgaged premises, subject to the same liabilities, and entitled to the same equity of redemption.—2 *Swift's Dig.* 183–4, 166, 179; *Keech* vs. *Hall, supra*; 4 *Kent's Com.* 151, 156. *And so of the assignee of the mortgagee, mutatis mutandis.*—2 *Swift's Dig.* 181–2.

4. So that the plaintiff in this suit, being the assignee of the mortgagee, and he only, may maintain ejectment against the defendant, the grantee of the mortgagor, for the recovery of the mortgaged premises, in the same manner that the mortgagee himself could have done against the mortgagor.—*Thunder* vs. *Belcher*, 3 *East's Rep.* 449; *Keech* vs. *Hall, supra*; 1 *Salk. Rep.* 245, *Smartle* vs. *Williams*; *Dane's Dig.* 184. &c.

ORLEANS,
March,
1831.

Stewart
vs.
Thompson.

II. The mortgage deed was received for record long before the defendant's deed was executed, and, therefore, sufficiently recorded to hold the lands transferred. For, when a recording officer has received an instrument for record, it is, in contemplation of the law, considered as recorded, although the manual labor of actually spreading it upon the record has not been performed ; *(Marbury* vs. *Madison,* 1 *Cranch Rep.* 137, *reported in Peters' Cond. Rep.* 267 *;)* and, when entered upon record, it has the effect by relation from the time when it was received for record. Consequently, a subsequent purchaser, without notice, cannot, by procuring his deed to be first entered at length upon the book of records, obtain priority of title.—4 *Dane's Dig.* 95, *sec.* 19.

III. The defendant's title, so far as the plaintiff is concerned, is fraudulent and void, for he knew of the existence of the mortgage, long before receiving his deed. And a purchaser of real estate, who, at the time of purchasing, knew of a prior unrecorded deed of the same lands, cannot, by procuring his deed to be first recorded, hold the estate against that prior deed.—4 *Kent's Com.* 163, 448 ; 1 *Swift's Dig.* 125 ; 1 *D. Chip. Rep.* 49, *Ludlow* vs. *Gill ; do.* 315, *Barney* vs. *Currier et al.;* 2 *Vt. Rep.* 191, *Dixon* vs. *Parmelee ;* 2 *do.* 546, *Rublee* vs. *Mead.*

IV. Both parties claim title under David Norris, and his title cannot be disputed by either of them.—*Bush* vs. *Whitney,* 1 *D. Chip. Rep.* 369 ; *do.* 176, *Bown and Eddy* vs. *Bean.*

V. The assignment of the mortgage is valid, and conveys to the plaintiff all the estate which John Lindsey had in the mortgaged premises. The assignment reads as follows : " Know all " men by these presents, that I, John Lindsey, of Derby, in the " county of Orleans, and state of Vermont, for, and in full consid- " eration, received to my full satisfaction of *Horace Stewart,* of " said Derby, do hereby quit and assign over to the said *Horace,* " his heirs and assigns forever, all the right, title and interest, " which I, the said John Lidsey, have in, or to, the within mort- " gage deed. In witness whereof I have hereunto set my hand " and seal, this 10th day of March, A. D. 1828." The assignment was, at the same time, signed, sealed, witnessed, acknowledged, and, some time after, recorded, agreeably to the requirements of the statute laws of this state.

1. A deed without consideration is good between the parties, and passes the legal estate.—1 *Swift's Dig.* 121 ; 4 *Kent's Com.* 453. In this case, the rights of the defendant are not affected by

ORLEANS,
March,
1831.

Stewart
vs.
Thompson.

the assignment of the mortgage, but by the mortgage itself : of course, there can be no equity in his attempt to defeat the assignment. Besides, no specific consideration need be named in a deed. The expression, " for value received," is sufficient evidence of consideration to support a contract or deed.–1 *Vt.Rep.* 247, *Lampson* vs. *Barret* ; 7 *Johns. Rep.* 321 ; 3 *do.* 484 ; 4 *Kent's Com.* 454. In this assignment, there is quite as much acknowledgement of a consideration received, as the words " for value received" express ; and it is believed, that, in the assignment of a mortgage, as is the case in the assignment of a lease, no consideration is necessary to be expressed.—*Woodfall*, 255.

2. Lindsey's assignment of all his right, title and interest, is a good conveyance of whatever estate he had in the premises, conveyed in the mortgage ; and, the assignment being made on the back of the mortgage deed, and particularly referring to the estate which he had therein, renders the description, and interest, sufficiently certain.—*Shep. Touch,* 98 ; 1 *Swift's Dig.* 235.

3. It is believed, that the assignment of all the right, title and interest, which he had in, or to, the *mortgage deed,* conveys whatever estate he had in the premises conveyed to him by virtue of that mortgage deed. All the right, &c., which he had *to* the *mortgage deed,* might be a right to the possession of it, as a muniment, affording evidence of his title to the lands conveyed thereby : but all the right, title, and interest, which he had in the mortgage deed, was the *title itself* to the lands and his *estate* therein, and not the evidence of it. He could have no other possible *interest* in the deed, but his claim to the premises conveyed. It has the same effect as if written, all the right, title and interest conveyed to me by said mortgage deed—contained in said mortgage deed—described in said mertgage deed—or conveyed to me by virtue of said mortgage deed. The authorities, hereinafter cited, fully sanction this construction. Courts of justice are to construe the words of a deed so as to effect the intention of the parties, if by law it may be done ; and not to destroy the deed.—*Cowp. Rep.* 714, *Pugh* vs. *Duke of Leeds ; do.* 597, *Goodtitle* vs. *Bailey ; Willes' Rep.*332,*Parkhurst* vs.*Smith; Doug.Rep.*382,*Bache et al.* vs. *Proctor ; Shep. Touch.* 83–6–7 ; 1 *Salk. Rep.* 325, *Wyat* vs. *Aland ;* 1 *Swift's Dig.* 222, *rule* 1 ; 224, *rule* 7 ; 229, *rule* 27 ; 2 *Com. Con.* 533, *et seq. ;* 2 *Bl. Com.* 379 ; 1 *Pothier,* 48, *and notes ; Vattel,* 318 ; 2 *Vt. Rep.* 56–7 ; 1 *Mass. Rep.* 219. *The common intention of parties ought to be sought, and*

ORLEANS,
March,
1831.

Stewart
vs.
Thompsou.

not the *grammatical sense of the words.*—2 *Bl. Com.* 379 ; 1 *Swift's Dig.* 223, *rule* 3 ; *Shep. Touch.* 78. The obvious intention of the parties, collected from the whole transaction, was, to transfer to the plaintiff what lien Lindsey had on the mortgaged estate, and this is supported by the fact that there could have been no possible object in assigning the *deed only* ; for the notes had been indorsed over, and of course transferred ; and the deed could not operate to transfer any thing but the land. This is the inevitable conclusion, unless we suppose two intelligent men to be engaged in solemn mockery, and that, too, when their interests required them to perform something obligatory. Another rule of construction, decisive in this case, is, that where there is room for construction, a deed shall be construed most strongly against the grantor.—2 *Bl. Com.* 280 ; *Powel on Con.* 237–8 ; 2 *Vt. Rep.* 416–17 ; 2 *Com. Con.* 536 ; 1 *Swift's Dig.* 234, *rule* 51 ; *Shep. Touch.* 87–8. Lindsey assigned an estate in fee in the *deed,* or else in the lands conveyed by the deed. To allow this assignment to operate *most strongly against Lindsey,* and transfer the mortgaged premises, will do complete justice to all the parties concerned. Such has been the construction of a similar assignment, by this Court, in the case of *Wright* vs. *Parker et al.* (2 *Aik. Rep.* 212) sitting as a court of chancery. The rules of construing contracts are the same both in equity and in law.— *Doug. Rep.* 272, *Hotham* vs. *East Ind. Co.* ; 3 *Bl. Com.* 434. Consequently this assignment must be supported here or no where. After all, the Court will look into the case, and see that it is not an action brought solely to try the title to the land ; but its whole object is to enforce payment of the notes mentioned in the mortgage. All have been paid but two, and the mortgage never covered all the purchase money. The defendant purchased the equity of redemption, knowing these facts, and expects to redeem, unless he can defeat the lien on the land. It is believed, substantial justice has been done to the parties, and the Court will not grant a new trial in such a case, although what the judge decided to be law, upon which the verdict was founded, may be doubtful.—*Brayton's Rep.* 169, *Rogers* vs. *Page et al.*

HUTCHINSON, C. J., after stating the case, pronounced the opinion of the Court.—It appears by the case, that the evidence of plaintiff's title was objected to by the defendant, yet admitted by the court ; and there is nothing in it, at all liable to objection, ex-

ORLEANS,
March,
1831.

Stewart
vs.
Thompson.

cept the assignment from Lindsey to the plaintiff on the back of the mortgage deed. If this was a sufficient assignment to pass the estate described in the mortgage, it was correctly admitted ; otherwise, not. The objections to this assignment are its want of description of the consideration, and of the premises conveyed in the mortgage deed. Lindsey does not tell what he received, but says, for and in full consideration, received to his full satisfaction. Neither does he say, that he conveys the land described in said mortgage deed, or his interest in said land, but, all the right, title and interest he had in, or to, said mortgage deed. And this conveyance is to the plaintiff, and his heirs and assigns forever. The authorities, cited by the plaintiff's counsel, go the whole length of supporting this assignment upon both points. Nor need we rest our decision, in relation to the first point, upon those authorities which affirm the deed good as between the parties, if there were no consideration. This is not without consideration, but given upon a full and satisfactory consideration. Of what this consisted might have been shown by parol, and the jury, considering the evidence in the case, that two notes, described in the mortgage, were also transferred by Lindsey to the plaintiff, might well have presumed, that the plaintiff paid to Lindsey the amount, at least, of these two notes.

So with regard to the second point, we must keep in mind the intention of the parties, as manifested by the whole transaction. What could be intended by a conveyance to the plaintiff, in fee, of all the mortgagee's right, title and interest in and to said mortgage deed ? and this written upon the back of the deed, and executed with all the solemnities required to convey real estate? What right had Lindsey in or to said mortgage? He had the right to hold and use it as evidence, conclusive too, to recover this land, and hold it as security till his debt was paid. This right he conveyed to the plaintiff, who is now using it for that very purpose. It is admitted that this assignment would be good in equity. We consider it good also at law.

The defendant's counsel have ingeniously urged, that a mortgagee cannot assign his interest in the mortgaged premises, till after a foreclosure ; or surely, not till after the condition broken. This we have fully considered, and we find no difficulty, arising from adverse possession or any other source, in supporting what has long been considered to be law, that a mortgagee may, at any time, assign his mortgage interest and debt secured by it, and thereby

put his assignee in his place and stead, and give him all the right he before had to receive the money when offered, whether it be due or not, and of suing to recover the money, or recover possession, after condition broken.

The only remaining question is, whether the jury were correctly instructed with regard to the evidence about the recording of the two deeds. Indeed, it does not definitely appear, what instructions were given upon this point; but we presume such were given as are supposed by the counsel in their argument; that is, if they believed, from the testimony adduced, that the defendant knew, or was informed, when he received his deed from Norris, that Norris had previously conveyed the same land to Lindsey, by mortgage deed, or any other valid deed, he could gain no priority of title, by procuring his deed to be first recorded. There was proper evidence for the jury to weigh under such instructions. There was not only evidence tending to show, that the defendant was informed of Lindsey's deed, but that it was in the file of mortgage deeds in the town clerk's office, where he would probably have seen it, had he made enquiry, for the purpose of ascertaining the amount of the incumbrance upon the land. I will improve this occasion to observe, that town clerks should not neglect their recording in this way. They should make it their business to record their deeds soon after they are lodged in their office. If, as is sometimes done, a man delivers a deed to be put on file, but not to be recorded at present, the clerk should tell him to do as he pleased about leaving it, but if he left it, it would be recorded immediately: and he should act according to his information.

The judgement of the county court is affirmed.

*Starkweather*, for plaintiff.

*Leslie*, for defendant.