JOEL PRATT & Others *v.* BANK OF BENNINGTON & Others. BENNINGTON, *February,* 1838.

*(In Chancery.)*

Where an estate is mortgaged, and the mortgagee assigns the mortgage to a third person, and subsequently takes a quit-claim deed from the mortgagor, the mortgage title does not merge in the fee.

In such case, the mortgagee becomes mortgagor, and the assignee mortgagee.

There can be no such merger, unless the two estates unite in one and the same person.

If, after such assignment and quit-claim, the mortgagee mortgage the premises, the assignee having neglected to record the assignment, such subsequent mortgage will not hold as against the assignee.

For the purposes of a foreclosure, a mortgage is a mere incident of the debt, and accompanies and follows the debt wherever that is assigned, and, as the debt may be assigned by parol, the mortgage security may be transferred in the same way.

*It seems,* that, to enable the assignee to maintain *ejectment,* in such case, it would be necessary that the assignment should be recorded.

THIS was a bill to foreclose a mortgage. John Whiton mortgaged the premises to Stephen Hinsdell, who assigned the notes and mortgage to orators. This assignment was never recorded. Subsequently to the assignment, Whiton released, by deed of quit-claim, to Hinsdell, after which Hinsdell mortgaged to defendants, who had no notice of the assignment.

The case was argued on bill, and answer by

*Sargeant & Miner,* for orators, and

*J. S. Robinson,* and *D. Robinson, jr.* for defendants.

The opinion of the Court was delivered by

PHELPS, Chancellor.—It is insisted by the defendants, that, by the release of Whiton to Hinsdell, the mortgage title, as well as the equity of redemption, were merged in the fee ;— that the original mortgage being thus extinguished, the defendants, who held by mortgage from Hinsdell, are mortgagees in fee, and will hold in preference to the orators, and, at all events, as the assignment of the original mortgage to the orators was never recorded, that the subsequent mortgagees, relying upon the absolute estate of Hinsdell, apparent of record, and having no notice, in fact, of the assignment, are to be considered as *bona fide* purchasers of the estate, without notice of the incumbrance, and as entitled to priority.

BENNINGTON,
*February,*
1838.

Pratt *et al.*
*v.*
Bank of Ben-
nington *et al.*

The first position is clearly erroneous. There can be no merger, unless the two estates unite in one and the same person, and in the same right. Upon the assignment to the orators of the mortgage from Whiton, they became mortgagees, and Whiton mortgagor, and Hinsdell had no estate of any kind in the land. When Whiton assigned his equity of redemption to Hinsdell, the latter had the rights of the mortgagor, the orators having those of the mortgagee. As the assignment by Hinsdell to the orators was prior to the release by Whiton to him, the estates of the mortgagee and the mortgagor never became united in Hinsdell, and not subsisting in the same person at any period, could never unite and merge in the fee.

The second point is susceptible of more doubt. Did the law require the recording of such assignment, as necessary to its validity, the defendants' position would, doubtless, be tenable. But it is now well understood, that, to the purposes of foreclosure in equity, recording is not necessary. This court, regarding the mortgage as a mere incident of the debt, and as accompanying and following the debt, wherever that may be assigned, it follows, as a necessary consequence, that, as the debt may be assigned by parol, the mortgage security may be transferred in the same way. Whether such an assignment would enable the assignee to sustain an ejectment, at law, is a different question. Probably, to the purpose of that action, it would be necessary that an assignment should be recorded. But in this court, it is clearly not necessary. Such being the case, the defendants were bound to take notice that such assignment would be valid, without being recorded, and they were not justified in assuming, from the absence of an assignment of record, that none had been made. They purchase at their peril, and can have no equitable claim to be preferred to the orators.

Decree for the orators.