## JOHN B. BEEMAN *v.* MARY A. COOPER ET AL.

### *Mortgage. Priority. Record. Life Support.*

1. A mortgage subsequent in execution acquires priority by being first recorded, unless there exist some facts or elements which give to the mortgage first in execution a controlling equity.

2. The fact that the mortgage prior in execution was given for a debt already secured by an attachment upon the same premises would not be such an element.

3. A mortgage given to secure the future life support of the mortgagor will not therefore lose its priority over one given to secure a present debt, unless it affirmatively appears that the mortgagor did not reserve sufficient property for the payment of his then indebtedness.

4. And even if this did appear, the mortgage given to secure the present indebtedness would loose its right to priority if the mortgagee stood by until the consideration for the mortgage for life support had been fully executed.

Petition of foreclosure. Heard upon the report of a special master at the September term, 1891. Thompson, Chancellor, *pro forma*, dismissed the bill. The orator appeals.

Both the mortgage of the orator and that of the defendants were executed Sept. 29, 1874. That of the orator was to secure a note for $100 given in settlement of a suit then pending, in which these same premises had been attached, and was executed before that of the defendants, which was to secure the future life support of the mortgagor and his wife. The defendants' mortgage was filed for record at one o'clock on the day following its execution and that of the orator at 2.30 o'clock of the same day. The defendants had no knowledge of the orator's mortgage when they filed theirs for record, and the orator had no knowledge of the mortgage of the defendants until he lodged his in the town clerk's office.

The petition in this suit was returnable to the March term, 1891. The defendants had before then fully performed the conditions of their deed by supporting during their lives the, mortgagor and his wife.   The master found that the value of the support so furnished was more than that of the premises.

*F. S. Platt*, for the orator.

The mortgage to the defendants, being for future support, was void as to that of the orator which was for a present indebtedness.   *Jones* v. *Spear*, 21 Vt. 426 ; *Cram* v. *Stickels*, 15 Vt. 252 ; *Church* v. *Chapin*, 35 Vt. 223 ; *Prout* v. *Vaughn*, 52 Vt. 451.

*Geo. M. Fuller*, for the defendants.

The defendants' mortgage acquired priority by being first recorded.   *Johnson* v. *Burden*, 40 Vt. 567 ; *Sawyer* v. *Adams*, 8 Vt. 175-6.

The orator having stood by and suffered the defendants to expend money on the strength of their mortgage is now estopped to deny its validity. Sto. Eq. Jur., s. 384 ; Big. Est., (2d ed.) 453 ; *Note to Niven* v. *Belknap*, 2 Johns. 573 ; *McLane, Admr.* v. *Johnson*, 43 Vt. 54 ; *Hendricks, Admr.* v. *Dillon et al.*, 62 Vt. 430.

The opinion of the court was delivered by

ROSS, Ch. J.   The mortgage given to Dr. Dewey, now owned by the orator, and sought to be foreclosed, and the mortgage to the defendant, Mary A Cooper, cover the same premises, and were executed the same day and on the same occasion, but that to the orator was first executed.   Mary A Cooper had no knowledge of the execution of the mortgage held by the orator, and, without being put upon inquiry in regard to the same, placed her mortgage first upon record.   This gave her mortgage the precedence, unless there existed some other facts or elements, which gave to the orator's mortgage a controlling equity.   Some claim has been made, in this behalf, because the mortgage held

John B. Beeman *v.* Mary A. Cooper *et al.*

by the orator was given to relieve the premises from an attachment, placed upon them by Dr. Dewey, in a suit brought to recover the debt secured by this mortgage. But if Mrs. Cooper is affected with constructive notice of the attachment, by its record, the notice thus given did not extend beyond what was contained in the record. That contained nothing that would give her notice of the mortgage given subsequently to secure that debt. The lien upon the premises created by the attachment ceased, when the suit in which it was made, was dropped upon giving the mortgage. The mortgage is unavailing to keep it in existence, as there is no legal connection between the attachment and the mortgage. Mrs. Cooper had no actual nor constructive notice of the mortgage, held by the orator, when she placed the mortgage given her upon record. Hence, thus far, Mrs. Cooper can maintain her mortgage against the mortgage held by the orator upon the equitable maxim, "First in time, first in right."

But it is contended that the mortgage held by the orator has the greater equity because it was given to secure the payment of a present debt, while that given to Mrs. Cooper was to secure the life support and maintenance of the mortgagor and his wife. This equity rests upon the principle, that it is the duty of a debtor to pay his debts from his property, rather than to appropriate it for his own advantage by way of future life support. When a person takes the property of a debtor agreeing to furnish him life support therefor, if he has existing debts and not other property with which to pay them, although there be no actual fraud, the law holds such person guilty of constructive fraud, and will allow the debtor to satisfy his debt out of the property taken, against the rights of such taker. But no such fraud arises unless it appears affirmatively that the debtor did not retain other property sufficient to pay his then existing debts. The case is silent whether the mortgagor, did or did not, have property sufficient to pay his debts, other than that covered by the mortgages. The court will not presume the want of other property to enable it to raise a constructive fraud.

On the facts found by the master, the mortgage held by the orator is not entitled to priority over that given Mrs. Cooper. But if sufficient facts had been found to raise a constructive fraud in favor of the mortgage held by the orator, over the mortgage given Mrs. Cooper, and so have given to the former the greater equity, or the right to be first satisfied out of the mortgaged premises,—that equity, or right, would arise from the fact that the *consideration* for the mortgage held by the orator was *executed,* while that for the mortgage to Mrs. Cooper was wholly *executory.* When the orator stood by, until the consideration of the latter had become wholly executed, as it now has, the indebtedness, secured by the mortgage held by him, lost its superior equity, as was held by this court in *Kelsey* v. *Kelley and wife,* 63 Vt. 41.

*Decree affirmed and cause remanded.*