**Stanley G. EARLE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 14776.**

United States District Court
E. D. New York.

June 25, 1957.

Leonard P. Moore, U. S. Atty., and Nicholas Coffinas, and Robert A. Morse, Asst. U. S. Attys., Brooklyn, N. Y., for the motion.

Spar, Schlem & Burroughs, by Charles Spar, New York City, in opposition.

RAYFIEL, District Judge.

The plaintiff commenced this action under Section 1346(a) (1, 2) of Title 28 United States Code, to recover the proceeds of a United States Treasury Department bond of $500., theretofore deposited with the defendant as security. The matter was submitted to the Court on an agreed statement of facts, set

forth at length in my decision herein, filed on February 14, 1957, wherein I granted judgment in favor of the plaintiff. Pursuant to the direction contained in said decision, notice of the submission of judgment thereon on March 22, 1957 was duly served upon the United States Attorney for the Eastern District of New York, and on March 25, 1957 judgment was duly entered in the office of the Clerk of this Court in favor of the plaintiff and against the defendant.

On April 4, 1957 the said United States Attorney caused to be served upon the attorneys for the plaintiff a notice of motion, returnable April 12, 1957, for "reconsideration of a decision granting judgment to the plaintiff, etc."

■ I find no authority in the federal rules for the procedure adopted by the defendant. The application appears to be in the nature of a request for leave to reargue, as if the matter before this Court had been a motion. If that be so, then the Government's application was not made within the 14 day period prescribed by Rule 9(h) of the General Rules of the United States District Court for the Eastern District of New York.

■ However, the matter presented to the Court was, as hereinabove stated, a *trial* submitted on an agreed statement of facts, and a formal judgment was entered herein. That being so, the defendant's remedy, if it sought reconsideration of the decision, was an application under Rule 59 of the Federal Rules of Civil Procedure for a new trial. But that remedy was no longer available since Rule 59(b) of said Rules requires an application therefor to be made within ten days after the entry of judgment.

■ But there is still another reason why this Court can give no consideration to the defendant's motion. On May 15 and May 16, 1957, respectively, the defendant filed notices of appeal from the aforementioned decision and judgment in the office of the Clerk of this Court. Hence, I have no further jurisdiction in the matter.

Accordingly, the motion is denied.