### C. Peter Strong v. Willard P. Hunnewell

[310 A.2d 32]

No. 94-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Weber, Fisher, Perra & Gibson,* Brattleboro, for ·Plaintiff.

*Natt L. Divoll, Jr., Esq.,* Bellows Falls, for Defendant.

**Smith, J.** This appeal, taken by Willard P. Hunnewell, is based upon the denial of his motion to be made a party defendant in a decree of foreclosure brought by the Catamount National Bank of Bennington, Vermont, against the Lincoln Land Corporation, The Lincoln Company, Inc., and the Lincoln Development Corporation, primary defendants, as well as subsequent attaching lienholders on the property involved.

The present plaintiff, C. Peter Strong, admittedly has succeeded to all right and title in the property, the subject of the foreclosure previously held by the Catamount National Bank, and was made the substitute plaintiff in the action. The interests of all the subsequent lienholders have been satisfied, and they are no longer parties to the action.

The factual situation presented, particularly because of the various companies and corporation involved bearing the name of Lincoln, is somewhat involved. All three Lincoln companies are Massachusetts corporations. Record title to the land situated in Westminster, Windham County, Vermont, is in the Lincoln Land Corporation. Such company is a majority-owned subsidiary of the Lincoln Development Corporation, which, in turn, is a majority-owned subsidiary of The Lincoln Company, Inc.

Involved here is a series of mortgages given by the Lincoln Land Corporation to the other Lincoln corporations, and by them assigned to various other holders. Eventually, all were alleged to have been assigned to the Catamount National Bank. The mortgage which is involved in this appeal is one in the original amount of $300,000.00 from Lincoln Land Corporation to Lincoln Development Corporation and which the last named corporation purported to assign to the Catamount National Bank by an instrument dated and recorded on December 1, 1970.

On July 24, 1970, this mortgage, by assignment, was owned by The Lincoln Company, Inc., and on that date it was assigned to appellant Hunnewell. This assignment was given for the payment of the sum of $300,000.00 loaned by Hunnewell to the Company. It appears that since that time Hun-

newell has loaned further sums to the Company totaling nearly $500,000.00. Hunnewell was an officer and employee of the several Lincoln companies.

The various Lincoln companies became involved in serious financial troubles on various indebtednesses incurred by them, part of which indebtedness was in the nature of unsecured notes to the Catamount National Bank. Foreclosure had been started on an original mortgage to one Karstens in the amount of $135,000.00. Arrangements were then made with the Catamount National Bank to pay the balances on the mortgages then due, and to be assigned all the mortgages on the property except the $300,000.00 mortgage assigned to Hunnewell.

Hunnewell agreed to subordinate his assignment of the $300,000.00 mortgage to the Catamount National Bank when requested to so do by The Lincoln Company, Inc. This was accomplished by the voiding by Hunnewell of his July 24, 1970, assignment, and by the execution to him of a new (second) assignment dated November 23, 1970, from The Lincoln Company, Inc.

A petition for foreclosure of its mortgage was brought by the Catamount National Bank on April 30, 1971, at which time the lower court found that Hunnewell had no knowledge of such foreclosure proceedings until December, 1971. Hunnewell's motion to intervene was heard by the trial court on February 15, 1972, and was granted. However, upon a motion for rehearing filed by Catamount National Bank and C. Peter Strong, the lower court changed its position, made some amended findings, and denied Hunnewell's motion to intervene. While this Court has before it transcripts of the record and the first hearing held by the lower court on the motion to intervene, unfortunately there is no record or transcript of the rehearing held by the lower court in which it changed its position upon the intervention of Hunnewell.

The first question presented to us is whether or not the trial court was in error in denying Hunnewell's motion to intervene in the foreclosure action. The conclusions of law made by the lower court, after the rehearing, which bear upon this subject are stated below.

"1. That at the time of the assignment to Willard P. Hunnewell above found the Lincoln Company, Inc. had no

assignable interest in that it subjected said assignment to a prior recorded assignment to the Catamount National Bank. *Pratt* v. *Bank of Bennington*, 10 Vt. 293, 294 [1838].

2. That at the time of the assignment to the Catamount National Bank conditional title vested in said Bank, subject to the rights of redemption by the mortgagor or any recorded lien holders of attaching creditors. 12 V.S.A. 4523(c).

3. That the Defendant Willard P. Hunnewell acquired no interest in the title of said premises in that said Hunnewell's purported assignment was from another mortgagee, Lincoln Company, Inc., rather than from the mortgagor, the Lincoln Land Company, Inc., and further that said mortgagee, Lincoln Company, Inc., had conveyed any and all interest that it may have to the Catamount National Bank, and said assignment had been recorded prior in time to the Defendant Hunnewell's assignment.

4. That the Defendant Willard P. Hunnewell by the attempted subsequent recorded second assignment from the mortgagee Lincoln Company, Inc. gains no redeemable rights or interest in said property."

These conclusions of law make it obvious that the lower court found that, although Hunnewell received an assignment of the $300,000.00 mortgage on November 23, 1970, from The Lincoln Company, Inc., and the assignment from The Lincoln Company, Inc., was not made to the Catamount National Bank until December 1, 1970, because the assignment to the Catamount National Bank was recorded prior in time to that given to Hunnewell, he acquired no redeemable interest in the foreclosed property.

But *Pratt* v. *Bank of Bennington, supra,* upon which the lower court based its conclusion, holds to the contrary.

The factual situation in *Pratt* discloses that it was an equitable proceeding to foreclose a mortgage. One John Whiton mortgaged his premises to one Hinsdell, who, in turn, assigned the note and mortgage to Pratt. After this assignment which was never recorded, Whiton quitclaimed to Hinsdell, and Hinsdell mortgaged the premises to the Bank of Bennington, which had no notice of the assignment to Pratt.

The Court stated:

> "But it is now well understood, that for the purposes of foreclosure in equity, recording is not necessary. This Court, regarding the mortgage as a mere incident of the debt, and as accompanying and following the debt, wherever that may be assigned, it follows, as a necessary consequence, that, as the debt may be assigned by parol, the mortgage security may be transferred in the same way." *Id.,* 10 Vt. at 294.

Although *Pratt* v. *Bank of Bennington, supra,* was decided in 1838, it is still good law in this jurisdiction. It follows that the lower court was incorrect in its finding that Hunnewell acquired no redeemable interest in the property because the assignment received by him, prior to the assignment to the bank, was of no validity because it was recorded subsequent to the assignment given to the bank.

The defendant Hunnewell has also sought to present two other questions. One is the contention that there actually did not exist an assignment from The Lincoln Company, Inc., to the Catamount National Bank on November 20, 1970. It was to such purported assignment that the assignment of The Lincoln Land Company, Inc., to Hunnewell on November 23, 1970, was made subject. The other contention is that the purported assignment of December 1, 1970, from The Lincoln Land Company, Inc., to the Catamount National Bank was a warranty deed and did not act as an assignment.

However, because the cause must be remanded for a new and full hearing below, such questions should be presented to the lower court in the light of the evidence that may be received at such new hearing.

*Reversed and remanded for a full hearing with instruction to the lower court to suspend the passing of the present times of redemption and to establish new periods of redemption after a new hearing and judgment.*