**In re VERMONT FIBERGLASS, INC. d/b/a Pettit Pools of Rutland, Debtor.**

**Bankruptcy No. 83–155.**

United States Bankruptcy Court, D. Vermont.

Dec. 31, 1984.

Robert I. Tepper, Rutland, Vt., for First Vermont Bank.

Mark R. Butterfield, Ruthland, Vt., for debtor.

Timothy N. Maikoff, Rutland, Vt., for trustee.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the motion of the First Vermont Bank and Trust Company (Bank) to have amended this court's order of November 21, 1984, 44 B.R. 505 (Bkrtcy.D.Vt.1984). The November 21st order issued with respect to the Bank's motion for relief from stay. At the time the Bank filed the instant motion it also filed a notice of appeal with respect to the November 21st order.

## DISCUSSION

■ The Bank brought its motion under Bankruptcy Rule 7052, which applies to adversary proceedings. However, the instant matter is not an adversary proceeding under Bankruptcy Rules 7001 through 7087, but is a contested matter under Bankruptcy Rules 9001 through 9032. Thus the Bank is not entitled to the relief it seeks under Bankruptcy Rule 8002(b)(2) incorporating Rule 7052(b).

Nevertheless, for the reason that the Bank's motion gives a fair indication to the court and to counsel of the relief sought by way of the motion, and of the grounds relied on by the Bank, the motion may be assayed under Rule 8002(b)(3) incorporating Rule 9023.

■ It has been held that the filing of a notice of appeal divests the trial court of jurisdiction over the subject matter of the appeal. *In re Combined Metals Reduction Co.*, 557 F.2d 179, 200–202 (9th Cir. 1977); *United States v. Frank B. Killian Co.*, 269 F.2d 491 (6th Cir.1959); *Kelley Mfg. Co. v. Lilliston Corp.*, 26 F.R.Serv.2d 1097 (E.D.N.C.1978); *Bloominthals Bros. Chocolate Co. v. Koontz Creamery, Inc.*, 25 F.R.Serv.2d 873 (E.D.Pa.1977); *Marine Engineers Beneficial Assoc. v. Falcon Carriers, Inc.*, 374 F.Supp. 1342 (S.D.N.Y. 1974); *Greer v. Estelle*, 378 F.Supp. 162 (S.D.Tex.1974); *DeLee v. School District No. 3, Dorchester Co., South Carolina*, 306 F.Supp. 905, 907 (D.S.C.1969); *Earle v. United States*, 152 F.Supp. 554 (E.D.N.Y. 1957). However, Bankruptcy Rule 8002(b) provides that a notice of appeal filed before the disposition of a motion to alter or amend the judgment in a contested matter shall have no effect. The wording of Rule 8002(b) permits the court to hear the instant matter even though the Bank caused to be filed a notice of appeal in this matter simultaneously with the filing of the instant motion.

As to the merits, the validity of the assignment of the 1976 mortgage by Pettit Brothers to the Bank, and the enforceability of the mortgage in the hands of the Bank against the estate, are separate issues.

■ Recordation is not ingredient to the validity of a mortgage assignment as between the parties. *Spaulding v. Fletcher*, 124 Vt. 318, 323, 205 A.2d 556 (1964); *Sowles v. Butler*, 71 Vt. 271, 278, 44 A. 355 (1898). In 1978 Pettit Brothers as assignor passed the 1976 mortgage to the Bank as assignee in a transaction which bound the parties. The 1978 assignment transferred to the assignee Bank the mortgage debt and legal title to the debtor's real property. Thus on bankruptcy day (1) Pettit Brothers had no lien and was not a creditor (and therefore filed no claim in this proceeding), (2) the Bank held an unrecorded interest in the debtor's real property, and (3) the trustee was a bona fide purchaser of the debtor's real property. *See*, Bankruptcy Code (Code) § 544(a)(3).

■ The unrecorded antecedent right of a mortgage assignee is inferior to the right of a subsequent purchaser without notice of the assignment. *Ladd v. Campbell*, 56 Vt. 529, 531 (1894); *Torrey v. Deavitt*, 53 Vt. 331, 336 (1891). In the instant case, the right of the trustee as a

subsequent purchaser without notice of the 1978 assignment is superior to the antecedent unrecorded right of the assignee Bank. The rationale is that when the Bank failed to record the assignment, it caused Pettit Brothers to hold title to the mortgage premises in trust for the Bank. This trust was a secret, undisclosed trust. As a subsequent purchaser without notice of the secret trust, the trustee is a bona fide purchaser of the trust res, and is entitled to obtain a title paramount to that of the undisclosed trustor, the Bank, *See, Torrey v. Deavitt, supra* at *id.*

Constructive notice does not extend beyond what is contained in the record. *Beeman v. Cooper,* 64 Vt. 305, 307, 23 A. 794 (1892). In the instant case the relevant land records impart no notice of any interest in any person reasonably identifiable as the Bank. As the trustee had neither knowledge nor notice of the execution, contents, or existence of the unrecorded assignment, the trustee is a bona fide purchaser of the debtor's real property free and clear of any right in the Bank, who stood by as trustor of an undisclosed trust and allowed the innocent purchaser to enter.

The court does not doubt that unrecorded interests in land may betimes be enforceable. *See, Strong v. Hunnewell,* 131 Vt. 516, 310 A.2d 32 (1973). On November 21, 1984, the court merely held that the instant interest was not enforceable by the Bank in this proceeding. The Bank misreads the November 21st order when the Bank concludes, "the Trustee could only avoid the assignment of the 1978 Purchase Money Mortgage, not the underlying Purchase Money Mortgage i.e. *lien* itself." The substance of the November 21st order was that the trustee is entitled to avoid the Bank's unrecorded interest in land and administer the mortgage premises as an asset of the estate free and clear of any right in the Bank. The November 21st order comports with the policy behind Vermont's recording statute, "which operates to require parties claiming an interest in land to record their interests in the town records so that subsequent purchasers will have notice." *West v. Village of Morrisville,* 563 F.Supp. 1101 (D.Vt.1983).

Code section 551 provides that any transfer avoided under Code section 544 is preserved for the benefit of the estate, but only with respect to property of the estate. The argument of the Bank that section 551 does not apply to transfers between creditors ignores the formula of Code section 541(a)(4), which provides that any interest in property preserved for the benefit of the estate is estate property. Read together, sections 551 and 541(a)(4) provide that any transfer of an interest in property avoided under Code section 554 is preserved as estate property for the benefit of the estate.

## ORDER

Upon the foregoing, IT IS ORDERED that the motion of the First Vermont Bank and Trust Company to have amended this court's order of November 21st 1984, is DENIED.