### Rutland Savings Bank v. David A. and Gail B. Pyle; J. T. Claiborne, III; Winhall Dev. Corp.; E. C. Crosby & Sons, Inc.; Riverside Mill Wk. Co., Inc.; A. Jeffers, Inc.; D. Jacobson

[499 A.2d 770]

No. 83-598

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 2, 1985

*Susan J. Crawford* of *Smith Harlow & Liccardi, P.C.*, Rutland, for Defendants-Appellants David A. and Gail B. Pyle.

*Joseph J. O'Dea* and *Susan B. Dailey*, Manchester, for Defendant-Appellee E. C. Crosby & Sons, Inc.

**Gibson, J.** Rutland Savings Bank (the bank) sued to foreclose against real property that appellants David and Gail Pyle, as tenants by the entirety, and John T. Claiborne, III had mortgaged as tenants in common.

After filing its complaint, the bank extended a written invitation to all parties, including the appellants, expressing a desire to assign its interest as mortgagee. The letter asked that any party objecting to assignment communicate its objections. Appellants neither offered to purchase the bank's interest, nor objected to an assignment. Thereafter, appellee E. C. Crosby & Sons, Inc. (Crosby), holder of a second mortgage on the interest of Claiborne in the same property, acquired the bank's interest by assignment.

Summary judgment was granted against appellants, and the six-month statutory redemption period lapsed without payment by them. See *Aldrich v. Lincoln Land Corp.*, 130 Vt. 372, 376, 294 A.2d 853, 855 (1972) (failure to exercise right of redemption terminates all of one's right, title and interest in the property); 12 V.S.A. § 4528; V.R.C.P. 80.1(e). A public sale was duly noticed, 12 V.S.A. § 4532; V.R.C.P. 80.1(h), at which Crosby was high bidder. Appellants did not bid. The public sale was confirmed by the

court after a hearing conducted pursuant to 12 V.S.A. § 4533; appellants did not attend the hearing.

Appellants raise two claims on appeal: (1) the bank's assignment unlawfully permitted the second mortgagee to circumvent the appellants' favored position in the redemption sequence; and (2) the court erred in confirming the public sale. We disagree and affirm.

## I.

■ Appellants contend that the bank's assignment improperly permitted Crosby to circumvent the orderly sequence in the redemption schedule, under which appellants, as mortgagors, were to have an opportunity to redeem *following* the opportunity given Crosby, a second mortgagee. However, this Court has stated that a first mortgagee may assign its rights in foreclosure during a pending action. *First Vermont Bank & Trust Co.* v. *Kalomiris*, 138 Vt. 481, 483-84, 418 A.2d 43, 44-45 (1980) (quoting *Frisbee* v. *Frisbee*, 86 Me. 444, 447, 29 A. 1115, 1116 (1894)). While amendment of the complaint may have been appropriate after the assignment in order to identify Crosby as the real party in interest, V.R.C.P. 17, no prejudice was caused by that omission. Nor do appellants cite authority to support their theory that a mortgagee's foreclosure rights may not be freely and openly transferred, even to one holding a second mortgage. See *Hunnewell* v. *Catamount National Bank*, 137 Vt. 389, 391, 406 A.2d 386, 387 (1979) ("a mortgagee may at any time assign his interest in the debt and mortgage, with the assignee thereafter standing in his place and stead with respect to payment, suit or foreclosure") (citing *Stewart* v. *Thompson*, 3 Vt. 255, 263-64 (1831)). Further, not only did appellants fail to object to the proposed assignment at the time, but also, by advancing no cogent reason for not having sought to redeem the property themselves, they have failed to demonstrate that the assignment prejudiced their interests. *Aldrich, supra*, 130 Vt. at 375-76, 294 A.2d at 855.

## II.

■ Appellants also challenge the court's confirmation of the public sale. In addition to repeating the arguments above, appellants point to: the trial court's failure to issue adequate findings of fact in confirming the sale; the "gross inadequacy" of Crosby's

winning bid; and Crosby's application of debts (due from its second mortgagor Claiborne) to offset cash due the sheriff to satisfy Crosby's winning bid.

Appellants did not appear at the confirmation hearing and, thus, neither presented evidence nor requested findings. Therefore, they may not now argue that there are omissions in the findings. Compare *Schwartz* v. *Town of Norwich*, 137 Vt. 130, 131, 400 A.2d 991, 992 (1979) (where findings were not required unless a party requested them, party who did not request findings could not attack those which were made as being inadequate); V.R.C.P. 52(a), with *Jensen* v. *Jensen*, 139 Vt. 551, 553, 433 A.2d 258, 260 (1981) (although findings were not requested, trial court's award of custody was made after it expressly found that the parties had submitted "little evidence" or argument; appellate review was thus impeded by inadequacy of findings, because the Supreme Court was "left to speculate"). The state of the record in the present case does not require speculation by this Court.

The same is true regarding the alleged inadequacy of the bid. Although raised in their motion for relief from the confirmation order, appellants never requested or obtained an appraisal of the fair market value of the premises, V.R.C.P. 80.1(i), and they presented no evidence of valuation, nor a memorandum setting forth legal standards for rejecting public sales on grounds of inadequacy. Furthermore, appellants failed to submit a bid at the public sale. Having allowed their redemption period to lapse without payment, little equitable ground remains for them to claim a "forfeiture" that they made no material effort to prevent. *Aldrich, supra*, 130 Vt. at 375-76, 294 A.2d at 855.

*Affirmed.*