James J. WELSH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 26126.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1968.

James J. Welsh, pro se.

Vernol R. Jansen, U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

James Joseph Welsh appeals from the denial of his motions to vacate sentence pursuant to 28 U.S.C. § 2255 and to correct sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and from the denial of his request for release on his own recognizance pending appeal.

A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot. Bell v. United States, N.D.Miss.1966, 265 F.Supp. 311, aff'd 5 Cir., 375 F.2d 763, cert. denied, 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175. Petitioner now has a direct appeal from his conviction pending before this Court, and therefore the motion to vacate was properly denied.

Petitioner's motion to correct sentence under Rule 35 is based on the contention that the four year sentence imposed was in excess of the maximum allowable under 18 U.S.C. § 1708 for offenses involving stolen mail materials valued at less than $100. Section 1708, however, was amended in 1952 to provide a maximum prison term of five years for the offense, regardless of the monetary value of the stolen item. The amendment being in force at the time of petitioner's offense and his trial, the motion to correct sentence was also properly denied.

Finally, the denial of petitioner's request for release on his own

recognizance pending appeal was a matter vested within the discretion of the trial court, and we cannot conclude that the trial judge abused that discretion in this instance. Should this Court reverse the conviction and order a new trial in petitioner's direct appeal, he can again seek such relief from the trial judge.

Affirmed.