**Henry Gilbert ABERNATHY**

v.

**UNITED STATES of America.**

**No. 1575.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 4, 1969.

Henry Gilbert Abernathy, pro se.

Louis C. LaCour, U. S. Atty., New Orleans, La., for the United States.

## MISCELLANEOUS ACTION

HEEBE, District Judge:

Petitioner presents a novel, yet simple question to this Court: can the district court entertain one petition filed under 28 U.S.C. § 2255 while another § 2255 petition is on appeal from this same district court? We hold that only one § 2255 can be before the Court at one time. This is to preserve the orderly administration of justice and to allow the appellate court time to rule on the previous petition which might render this petition moot.

Petitioner is presently incarcerated in the Federal Penitentiary at Leavenworth, Kansas, serving a sentence rendered after a plea of guilty for violation of 18 U.S.C. § 2312. This Court has already denied a previous § 2255 petition on December 20, 1968, in Miscellaneous Action No. 1325, which decision petitioner is now actively appealing before the Fifth Circuit.

There is no recorded case law as to whether a person under federal custody can entertain a second § 2255 petition while a prior § 2255 petition is before the appeal court. There are numerous appellate decisions which stand for the proposition that a motion to vacate a sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal of the criminal conviction inasmuch as the disposition of the appeal may render the motion moot. Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); Womack v. United States, 129 U.S.App.D.C. 407, 395 F.2d 630 (1968); Black v. United States, 269 F.2d 38 (9th Cir. 1959); Nemec v. United States, 184 F.2d 355 (9th Cir. 1950); Bell v. United States, 265 F. Supp. 311 (N.D.Miss.1966), aff'd 375 F.2d 763 (5th Cir. 1967), cert. denied 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175 (1967); Bilderback v. United States, 159 F.Supp. 713 (M.D.Ga.1957); United States v. Kobey, 109 F.Supp. 192 (S.D. Cal.1952).

In the cited cases the *appeal* refers to the appeal of the criminal conviction while in the case at bar the appeal is that of a motion filed under 28 U.S.C. § 2255. However, the underlying rationale is equally applicable in this instance: the disposition of the motion on appeal may render the present petition unnecessary. Therefore the petition is dismissed without prejudice to be urged at the proper time, if this becomes necessary.

There is also authority for the proposition that a district court, when presented with a motion under 28 U.S.C. § 2255 while petitioner has an appeal of his conviction pending can (1) either treat the appeal as abandoned and sustain jurisdiction of the § 2255 proceeding, (Black v. United States, *supra*), or (2) pass on all issues raised by the § 2255 but not enter a final order until the appeal is dismissed, (Bell v. United States, *supra*). But in both these cases the appeal of the conviction was merely filed and not actively prosecuted. The case at bar is clearly distinguishable in that (1) the appeal is that of a § 2255 and not the criminal conviction and (2) the appeal is being actively pursued.

Therefore, to preserve the orderly administration of justice and to allow the appellate court time to rule on a previous § 2255 motion which might render this motion moot,

It is the order of this court that the petition of Henry Gilbert Abernathy to vacate and set aside the sentence imposed in Criminal Action No. 30514 be, and the same is hereby, dismissed without prejudice as being premature.