UNITED STATES of America
v.
**Jerome DEUTSCH, Defendant.**
No. 70 Civ. 4784.

United States District Court,
S. D. New York.
Jan. 29, 1971.

———◆———

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for the United States; Gary P. Naftalis, Asst. U. S. Atty., of counsel.

John Van Voorhis, New York City, for defendant.

METZNER, District Judge.

This is an application for relief by way of 28 U.S.C. § 2255 or writ of error coram nobis or for a new trial by the defendant, Jerome Deutsch, whose appeal from a judgment of conviction is pending in the Court of Appeals.

The original indictment contained 7 counts, but the last count was withdrawn and dismissed prior to trial. Count 1 charged Frank D. Mills with violating § 17(d) of the Investment Company Act of 1940 with relation to the Puritan Fund. Count 2 made a similar charge with relation to the Fidelity Trend Fund. Count 3 charged Deutsch with aiding and abetting Mills in the violation charged in Count 1. Count 4 charged Deutsch with aiding and abetting Mills in the violation charged in Count 2. Count 5 charged Mills with violating § 17(e) of the Investment Company Act of 1940. Count 6 charged Deutsch with aiding and abetting Mills in the violation charged in Count 5.

Prior to trial Mills changed his original plea of not guilty to guilty to Count 1. In accordance with the usual practice in this court, Counts 2 and 5 to which the plea of not guilty was still interposed were carried over to the day of sentence.

The trial then proceeded against Deutsch. Counts 3 and 4 were dismissed by the court on defendant's motion at the end of the government's case. At the end of the entire case the court reserved decision on the defendant's mo-

tion for judgment of acquittal on Count 6. The count was submitted to the jury, which found the defendant guilty as charged. Counsel were afforded an opportunity to submit briefs on the motions for judgment of acquittal and for a new trial. In the meantime, Mills was sentenced on Count 1 and at the time of sentence, following the usual procedures, Counts 2 and 5 were dismissed with the consent of the government. The motions by Deutsch were subsequently denied and he was then sentenced on the guilty verdict.

By this motion defendant seeks to obtain a ruling that he was denied a fair trial because of the procedures taken regarding Mills. He claims that because of the peculiar interrelationship of the counts in the indictment, with Mills being charged as principal and he as an aider and abettor, Mills should have been sentenced before Deutsch's trial. This would have put the case in a different posture in view of the dismissal of Count 5 against Mills, which count was the predicate for Count 6, on which Deutsch was convicted. He further argues a suppositious agreement between the prosecution and counsel for Mills which put the latter in control of the prosecution. This, he claims, allowed the jury to draw unfair inferences from Mills' failure to testify. The prosecution did not call Mills as a witness and the defense, although it subpoenaed Mills, also failed to call him.

■ Defendant urges that despite the pendency of the appeal from the judgment of conviction he may move this court for collateral relief where the claim is the fundamental unfairness of the trial based on matters not appearing in the record. In United States v. Angelet, 255 F.2d 383, 384 (2d Cir. 1958), it was held that a motion under § 2255 cannot be used in lieu of an appeal to correct errors committed in the course of a trial. It has also been held that the district court is without jurisdiction to entertain a § 2255 motion if the movant is not in custody. United States v. Bril-

liant, 274 F.2d 618, 620 (2d Cir. 1960). The defendant here is not in custody. However, in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the Court held that relief based upon a claim of violation of constitutional rights could be afforded a person not in custody through the common law writ of error coram nobis. In coming to this conclusion, the Court held that § 2255 was not intended to cover the entire field of remedies in the nature of coram nobis in the federal courts. It said at page 511, 74 S.Ct. at page 252: "We do not think that the enactment of § 2255 is a bar to this motion, and we hold that the District Court has power to grant such a motion." The power to grant this relief flows from the all-writs section, 28 U.S.C. § 1651(a).

■■ Finally, it has been said that the determination of the direct appeal may render collateral attack unnecessary. Womack v. United States, 129 U.S.App.D.C. 407, 395 F.2d 630 (1968); Black v. United States, 269 F.2d 38 (9th Cir. 1959). While there is no jurisdictional bar to the district court entertaining this application, the question presented is not one of power but of discretion. Relief is sought by way of an extraordinary remedy and should not be granted in the absence of extraordinary circumstances.

■ There is nothing presented on this motion that does not appear in the court record of this indictment. The rules provide that a certified copy of the docket entries is part of the record on appeal. Rule 10, Federal Rules of Appellate Procedure. The disposition of the indictment as to Mills appears in those docket entries. Consequently all of the arguments and hypotheses presented by counsel in the moving papers here may be presented on the appeal from the judgment of conviction. The material contained in the affidavits submitted also appears, although in unsworn form, in the record. I take it that statements by counsel to the trial

**1358**

court will not be given any less weight because of this fact.

Consequently the court refuses to entertain this motion. See United States v. Brilliant, *supra*.

So ordered.