**Ottis Mayo JONES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–1862

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1972.

Rehearing Denied Feb. 3, 1972.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Ottis M. Jones, pro se.

William Stafford, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is a consolidated appeal from the denial of Ottis Mayo Jones' motion for leave to file an *in forma pauperis* action against the United States seeking declaratory relief and money damages; a denial of his motion to enjoin the district court from sentencing him following his conviction for passing forged money orders; and the denial of his two motions seeking to vacate the federal conviction. We affirm.

Jones was indicted on May 6, 1969, in the Northern District of Florida, for violating 18 U.S.C. § 500 by passing forged money orders. On December 1, 1970 the court denied him leave to file *in forma pauperis* a civil action against the United States as the only named defendant, seeking a declaration of his rights and money damages for a conspiracy by several state and federal officials to maliciously prosecute him and also seeking a dismissal of the pending indictment. Noting that the criminal action for which Jones sought damages was still pending and had not been terminated favorable to him, the district court denied leave to file the suit *in forma pauperis* as being without merit. We find that the court did not abuse its discretion under 28 U.S.C. § 1915.

Thereafter on December 7, 1970, the criminal case came to trial and Jones was convicted. On December 31, 1970, he filed a motion styled "Petition for Writ of Habeas Corpus" which was originally considered and denied on the merits by the district court. The court modified its order on January 20, 1970 to eliminate the denial on the merits, and dismissed without prejudice because the habeas corpus petition was not ripe for consideration under the requirements of 28 U.S.C. § 2255.

Jones filed another § 2255 petition on January 29, 1971, which was denied February 4, 1971. After his conviction, but prior to sentencing he also sought leave to file suit *in forma pauperis* to enjoin the district court from sentencing him under the conviction. Finding no merit in this suit, leave to file this suit *in forma pauperis* was also denied. All of these rulings of the court were the subject of a motion for reconsideration which was denied and from which this appeal followed.

Jones is a federal prisoner whose direct appeal of his conviction is presently pending in this court, United States v. Jones, No. 71–1263. In view of the pending direct appeal, Jones' § 2255 motions were not entitled to consideration on the merits. Welsh v. United States, 404 F.2d 333 (5th Cir. 1968).

The rulings of the district court are without error and its judgments are therefore affirmed.