**Tommie GREER, Petitioner,**

v.

**W. J. ESTELLE, Jr., Respondent.**

**Civ. A. No. 73–H–1246.**

United States District Court,
S. D. Texas,
Houston Division.

July 16, 1974.

Tommie Greer, pro se.

John L. Hill, Atty. Gen. of Texas, and Thomas W. Choate, Asst. Atty. Gen., Austin, Tex., for respondent.

ORDER

NOEL, District Judge.

Petitioner in this case seeks a writ of habeas corpus under 28 U.S.C. § 2241. Upon receipt of the respondent's answer and motion to dismiss, the United States Magistrate to whom the case was referred recommended that the relief sought be withheld due to the legal insufficiency of the petition. After careful consideration, this Court accepted this recommendation and judgment was entered accordingly. Petitioner now has simultaneously filed a motion for rehearing and a notice of appeal to the United States Court of Appeals for the Fifth Circuit.

The filing of a notice of appeal automatically and without any further action vests jurisdiction in the Court of Appeals. Fed.R.App.P. 3(a); Bell v.

United States, 265 F.Supp. 311, 313 (N. D.Miss.1966), aff'd 375 F.2d 763 (5th Cir. 1967), cert. den. 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175 (1967). The Fifth Circuit has held that, "A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of that appeal may render the motion moot." Welsh v. United States, 404 F.2d 333 (5th Cir. 1968). See also Jones v. United States, 453 F.2d 351 (5th Cir. 1972).

The nature of the jurisdiction which remains in a District Court upon the filing of a notice of appeal may not be entirely clear. Compare Bilderback v. United States, 159 F.Supp. 713 (M.D. Ga.1957) aff'd 246 F.2d 138 (5th Cir. 1957) with Womack v. United States, 129 U.S.App.D.C. 407, 395 F.2d 630 (1968) and United States v. Deutsch, 321 F.Supp. 1356 (S.D.N.Y.1971). See also Title II of the Federal Rules of Appellate Procedure and Rule 8 of the Local Rules of the United States Court of Appeals for the Fifth Circuit. But it is clear that the better practice is to avoid the risk of judicial diseconomy and anomaly inherent in the simultaneous consideration of the same case by two courts.

Where an appeal may fairly be said to have been abandoned, this result need not obtain. Black v. United States, 269 F.2d 38 (9th Cir. 1959) cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960). But such is manifestly not the case here.

The cases cited above deal generally with motions to vacate sentences under 28 U.S.C. § 2255. But the same analysis applies to motions to vacate judgment, Nemec v. United States, 184 F.2d 355 (9th Cir. 1950), and motions for rehearing, such as we have here. Where the underlying rationale of this rule is applicable, the rule itself should be applied. Abernathy v. United States, 303 F.Supp. 404 (E.D.La.1969).

Accordingly, petitioner's motion for rehearing must be denied.