Alan D. Port, Burlington, Vt., for Beech Acceptance Corp., Inc., and Beech Aircraft Corp.

Joseph C. Palmisano, Barre, Vt., for plaintiffs-debtors.

**In re AIR VERMONT, INC., North Atlantic Airlines, Inc., Debtors.**

**AIR VERMONT, INC., North Atlantic Airlines, Inc., Plaintiffs,**

v.

**BEECH ACCEPTANCE CORPORA- TION, INC.; Beech Aircraft Corporation, Defendants.**

**Bankruptcy Nos. 84–00017, 84–00019. Adv. No. 84–00005.**

United States Bankruptcy Court, D. Vermont.

Jan. 25, 1985.

MEMORANDUM AND ORDER ON MO- TION OF DEFENDANTS TO STRIKE PLAINTIFFS' NOTICE OF APPEAL

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Beech Acceptance Corpo- ration and Beech Aircraft Corporation to Strike Plaintiffs' Notice of Appeal filed De- cember 3, 1984, came on for hearing, after notice.

On November 9, 1984, the Court granted and entered summary judgment to the Plaintiffs on Count II of the Amended Complaint of the Plaintiffs against the De- fendants to recover the sum of $75,000.00. 44 B.R. 446 (Bkrtcy.Vt.). The Plaintiffs contend that the summary judgment en- tered by the Court as to Count II of the Complaint is not a final judgment and that under § 158 of Title 28 of the U.S.Code an appeal from an interlocutory order may be taken only with the leave of the District Court.

The Notice of Appeal in this case was filed on November 19, 1984. The effect of this was to divest the court of jurisdiction over the subject matter of the appeal. *In re Combined Metals Reduction Co.*, 557 F.2d 179, 200–202 (9th Cir.1977); *United States v. Frank B. Killian Co.*, 269 F.2d 491 (6th Cir.1959); *Kelley Mfg. Co. v. Lilli- ston Corp.*, 26 F.R.Serv.2d 1097 (E.D.N.C. 1978); *Blumenthal Bros. Chocolate Co. v. Koontz Creamery, Inc.*, 25 F.R.Serv.2d 873 (E.D.Pa.1977); *Marine Engineers Benefi-*

*cial Assoc. v. Falson Carriers, Inc.*, 374 F.Supp. 1342 (S.D.N.Y.1974); *Greer v. Estelle*, 378 F.Supp. 162 (S.D.Tex.1974); *De-Lee v. School District No. 3, Dorchester Co., South Carolina*, 306 F.Supp. 905, 907 (D.S.C.1969); *Earle v. United States*, 152 F.Supp. 554 (E.D.N.Y.1957).

The Court observes that if in fact the summary judgment ordered by this Court is an interlocutory judgment, order or decree, an appeal must be taken pursuant to Rule 8001(b) which provides as follows:

"Appeal by Leave; How Taken. An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 1334(b) or § 1482(b) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008."

It is also noted that the determination of whether an order is final or interlocutory is often a difficult one to make, since the question arises in such a multitude of varied situations. See 1 Collier on Bankruptcy 15th Ed. 3–299, § 3.03[iii] citing *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945) for the proposition that a final decision must generally be "one which ends the litigation ... and leaves nothing for the court to do but execute the judgment."

28 U.S.C. § 1334(b), as amended, permits appeals to the District Courts from interlocutory orders "only by leave of the district court to which the appeal is taken." See slip opinion *In re Committee of Asbestos-Related Litigants and/or Creditors*, 749 F.2d 3 (2d Cir.1984).

## ORDER

In view of the foregoing,

IT IS ORDERED:

1. The Motion of the Defendants to Strike the Plaintiffs' Notice of Appeal is DENIED.

2. The determination as to whether the summary judgment ordered by this Court is an interlocutory order and, if so, whether leave for the appeal shall be granted is respectfully left for determination by the United States District Court.