**In re William J. O'CONNOR, Debtor.**

**Bankruptcy No. 84–02884–B.**

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 24, 1986.

---

See also, Bkrtcy., 64 B.R. 269.

Andrews Davis Legg Bixler Misten & Murrah by Jack L. Kinzie and Bobbie T. Shell, Oklahoma City, Okl., for William J. O'Connor.

Arthur S. Wessbrott and Stephen A. Schatten, Washington, D.C., for the U.S. Dept. of Energy.

## ORDER

ROBERT L. BERRY, Bankruptcy Judge.

After notice and a hearing this matter comes on for consideration of a "Motion of the United States Department of Energy for an Allowed General Unsecured Claim" and an objection thereto filed by William J. O'Connor ("O'Connor"), the debtor in possession. After hearing statement of counsel and upon review of the briefs and supplemental briefs filed in connection with this matter, the court now enters the following findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

O'Connor commenced this chapter 11 proceeding in bankruptcy by filing his voluntary petition on September 28, 1984. The United States Department of Energy ("DOE") was not listed as a creditor, nor was it scheduled in the Statement of Financial Affairs and Scheduled Assets and Liabilities initially filed with the court on October 30, 1984 and amended on March 12, 1985.

On October 31, 1985, promptly after becoming aware of the pending chapter 11 proceeding, the DOE filed the proof of claim which is the subject of the instant motion. The proof of claim is based on assertions that O'Connor is liable for violations of the DOE's mandatory Petroleum Pricing Regulations, codified at 10 C.F.R. § 212.10 (1986), and a Remedial Order issued by the DOE's Office of Hearings and Appeals on October 26, 1981. The Remedial Order states that O'Connor is liable to the DOE in the amount of $86,109.56 plus interest. This sum reflects certain overcharges for crude oil sold between September 1, 1973 and June 30, 1976. With prepetition interest the total is now $181,-208.14, the amount of the proof of claim.

On January 22, 1986, MBank Dallas, N.A., a creditor of this estate, filed a proposed plan of reorganization and on March 24, 1986, a hearing on confirmation of the plan was held at the conclusion of which the plan was confirmed. Such order of confirmation is now final.

The issue as the parties view it is whether this proof of claim filed by the DOE is a "penalty" or whether it reflects "restitution". O'Connor urges that we determine it to be in the nature of a penalty and that such claim be subordinated to the claims of other general unsecured creditors. The DOE submits that the proof of claim does not represent a penalty, rather it is clearly in the nature of restitution and as such may not be subordinated as a penalty.

■ As an initial matter we need address whether the proof of claim was timely filed. Should it be determined that timely filing of the DOE's proof of claim was made impossible due to the failure of its being listed as a creditor the debt would be rendered nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(3)(A). Upon examination of the entire record we find, and so hold, that the proof of claim of the DOE was timely filed.

The DOE relies on the case of *U.S. Dept of Energy v. West Texas Marketing Corp.,* 763 F.2d 1411 (TECA 1985) for the principle that the remedial order herein is in the nature of restitution and not a penalty and as such may not be subordinated to other unsecured creditors. Our comments on *West Texas* will be brief as the ultimate resolution of the instant motion permits us to bypass much of the *West Texas* opinion which dealt with jurisdictional questions. 763 F.2d 1411–25. We will proceed to that which distinguishes *West Texas* from the matter at bar.

*West Texas* originated as a chapter 11 reorganization which was subsequently converted to a chapter 7 liquidation. The DOE in *West Texas* had filed a proof of claim, supported by a remedial order indicating the debtor's violation of applicable petroleum pricing regulations. The trustee had objected, urging that the proof of claim was in fact a penalty and hence should be given fourth priority pursuant to 11 U.S.C. § 726(a)(4). This section of the Bankruptcy Code dictates the order in which property of the estate is to be distributed. The DOE had alleged that the claim was for restitution and thus entitled to second priority as

a general unsecured claim pursuant to 11 U.S.C. § 726(a)(2). On petition for rehearing, in a *per curiam* opinion, the Temporary Emergency Court of Appeals, in interpreting § 209 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, as incorporated in the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 751 et seq., held that the DOE's claim was for restitution and was not a penalty.

▮ What distinguishes *West Texas* from the matter at bar is the involvement of 11 U.S.C. § 726. The question of whether the proof of claim at bar is in the nature of a penalty or for restitution is not germane since § 726 has no applicability whatsoever in the present circumstances. Without question, § 726 is inapplicable in chapter 11 cases. *Matter of Colin,* 44 B.R. 806 (Bankr.S.D.N.Y.1984). Accordingly we may not utilize § 726 to subordinate the claim of the DOE even should we determine that it is in the nature of a penalty. Application of *West Texas* is therefore inapposite, since the debtor in that case was not in a chapter 11 reorganization proceeding.

▮ The issue as remains is whether the claim of the DOE may be subordinated to that of general creditors under principles of equity. As O'Connor views it, inclusion of the DOE in the class of general unsecured creditors would violate the mandate of 11 U.S.C. § 1122, which provides that claims be placed in a class containing similar claims. O'Connor urges that two distinct factors require that the claim of the DOE not be included in the same class as general unsecured creditors: (1) the general creditors have suffered actual pecuniary loss and the DOE has suffered neither injury nor loss; (2) the "right to payment" which the DOE pursues belongs to persons who may never be identified.

Allusion to "actual pecuniary loss" no doubt references 11 U.S.C. § 726(a)(4). This subsection provides for a fourth priority payment for penalties which are not for compensation for actual pecuniary loss. To reiterate, § 726 has no applicability in the matter at bar. Furthermore, we cannot

agree that the DOE possesses a claim which is at such a variance with those of general unsecured creditors so as to prohibit it from being included in the same class as those creditors. Nor are we persuaded that the possibility that all injured parties will not be identified is grounds for equitable subordination. We are satisfied that the recently concluded settlement contained in *In re Dept. of Energy Stripper Well Exception Lit.,* M.D.L. No. 378 (D.Kan. July 7, 1986), as reflected in the DOE's most recent Policy Statement giving notice of this settlement, see 51 Fed.Reg. 27899 (August 4, 1986), sufficiently obviates such a concern. In short, we find the record totally devoid of reasons why the claim of the DOE should be equitably subordinated to that of general unsecured creditors.

▮ Lastly we need address the issue of whether any further proceedings are necessary with respect to a determination as to the amount of the DOE's claim. O'Connor urges that this is as yet an unresolved issue. We disagree. The Remedial Order which is the basis of the DOE's proof of claim indicates that it was issued subsequent to O'Connor's filing a Statement of Objections to a Proposed Remedial Order. Those objections were determined to be meritless by the final Remedial Order. The last item of the Remedial Order clearly states that "[t]his is a final Order of the Department of Energy of which an aggrieved party may seek judicial review." Department of Energy Remedial Order, DRO–0191, at 27 (Oct. 26, 1981). See 42 U.S.C. § 7193. No review was ever sought. O'Connor's inaction should not now be a basis for disturbing the finality of such order. *In re Hall,* 31 B.R. 148 (Bankr.W.D.Okla.1983).

Accordingly, for all the aforementioned reasons, the Department of Energy is hereby granted a proof of claim in the amount of $181,208.14, and shall be entitled to share in the same class as general unsecured creditors.