826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Paul LAROQUE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
George Paul LAROQUE, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Marshal Service;
Larry Tice, Defendants-Appellees.
George Paul LAROQUE, Plaintiff-Appellant,
v.
COMMONWEALTH OF AUSTRALIA; DEPARTMENT OF IMMIGRATION AND
ETHNIC AFFAIRS, Defendant-Appellee.
George Paul LAROQUE, Plaintiff-Appellant,
v.
BUREAU OF PRISONS; Norman A. Carlson; Butner Federal
Correctional Institute; Sam Samples; Mark
Jackvich, Defendants-Appellees.
 Nos. 86-7705, 87-7144, 87-6066 and 87-7158.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1987.
Decided Aug. 6, 1987.
 
 George Paul LaRoque, appellant pro se.
 Samuel Thomas Currin, United States Attorney, for appellees in No. 87-7178.
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George Paul LaRoque, a federal inmate, appeals the judgments of the district court dismissing his multiple civil actions. We find no merit in any of LaRoque's challenges to these dismissals and affirm.
 
 
 2
 LaRoque was convicted in January 1986 of possessing an unregistered short-barreled semi-automatic Uzi, and possessing an unregistered silencer, both possessions being in violation of 26 U.S.C. Sec.Sec. 5861(d) and 5871; and of failure to appear, in violation of 18 U.S.C. Sec. 3150. LaRoque's direct appeal from those convictions is pending in this Court.
 
 
 3
 In No. 86-7705, LaRoque v. United States, LaRoque petitioned the district court for an order permitting him to act in his position and discharge his duties as "Agent General at North Carolina and Special Ambassador to the United States of America from the Hutt River Province of West Australia." The district court found that LaRoque had raised this diplomatic immunity argument during his trial and, because the direct appeal from those convictions is pending with this Court, LaRoque could not raise the issue in a collateral proceeding. We agree. The district court properly declined to entertain this issue, which is the subject of a direct appeal, because the resolution of the issue on appeal may moot the claim in the district court. See Welsh v. united States, 404 F.2d 333 (5th Cir. 1968). We affirm the dismissal of the petition on the reasoning of the district court. LaRoque v. United States, C/A No. 86-1025-CIV-5 (E.D.N.C., Sept. 16, 1986).
 
 
 4
 In No. 87-7144, LaRoque v. United States, LaRoque seeks damages based upon his alleged illegal arrest at the Hawaii International Airport. After affording LaRoque the opportunity to particularize his complaint, and after considering LaRoque's additional allegations, the district court dismissed the complaint as frivolous. We find no error in the district court's dismissal of the complaint and affirm the dismissal on that court's reasoning. LaRoque v. United States, C/A No. 87-179-CRT (E.D.N.C., May 4, 1987).
 
 
 5
 In No. 87-6066, LaRoque v. Commonwealth of Australia, LaRoque challenges certain actions of the Australian authorities incident to his deportation from that country. He seeks damages, revocation of the deportation order, and a formal apology. LaRoque contends that the jurisdictional basis for his claims is 28 U.S.C. Sec.Sec. 1330 and 1605. LaRoque's reliance on those statutes is misplaced. Those statutes do not provide a federal forum in which to litigate claims for relief such as those asserted by LaRoque in this case. The actions he complains of were governmental actions taken in the Commonwealth of Australia by Australian authorities pursuant to Australian law. As such both the doctrine of sovereign immunity and the act of state doctrine preclude judicial inquiry into the Australian authorities' actions or motivations. Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1380 (5th Cir. 1980); see also Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480 (1983). To the extent that a remedy is available LaRoque will have to pursue it in an Australian forum.
 
 
 6
 In No. 87-7158, LaRoque v. Bureau of Prisons, LaRoque contends that he is entitled to credit against his federal sentence because of his incarceration in Australia allegedly at the request of the United States. LaRoque seeks both injunctive relief and damages. The district court found that to the extent that LaRoque sought injunctive relief his claim must be treated as an application for a writ of habeas corpus and he must first exhaust administrative remedies before seeking collateral relief. Although the district court initially stayed further action on the complaint, pending exhaustion of administrative remedies, LaRoque objected to this procedure and sought entry of a final judgment. The district court dismissed the complaint for failure to exhaust administrative remedies. We agree that exhaustion of administrative remedies is required. O'Connor v. Attorney General, 470 F.2d 732, 734 (5th Cir. 1972). Accordingly, we affirm the dismissal on the reasoning of the district court. LaRoque v. Bureau of Prisons, C/A No. 87-197-CRT (E.D.N.C., May 4, 1987). Although the dismissal was without prejudice to LaRoque refiling his petition and complaint after exhausting his administrative remedies the final judgment did not reflect that the dismissal was without prejudice. On remand the district court will modify its order to dismiss the complaint without prejudice. LaRoque's motion to supplement and correct the record in No. 87-7158 is denied. Because the material that LaRoque wishes this Court to consider was not part of the record in the district court we will not consider it on appeal.
 
 
 7
 LaRoque has also appealed the district judge's refusal to recuse himself based upon LaRoque's allegations of bias. We find no error in the district judge's refusal to grant the recusal motions. Although LaRoque may be unhappy with the district court's rulings in his cases, this does not support a finding of bias, or entitle LaRoque to a judge more to his liking.
 
 
 8
 We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 9
 No. 86-7705, AFFIRMED.
 
 
 10
 No. 87-7144, AFFIRMED.
 
 
 11
 No. 87-6066, AFFIRMED.
 
 
 12
 No. 87-7158, AFFIRMED AS MODIFIED, AND REMANDED.