In re William J. O'CONNOR, Debtor.

UNITED STATES DEPARTMENT OF ENERGY, Appellant,

v.

William J. O'CONNOR, Appellee.

William J. O'CONNOR, Appellant,

v.

UNITED STATES DEPARTMENT OF ENERGY, Appellee.

Bankruptcy No. 84–02884–B.

Nos. Civ. 87–242–R, Civ. 87–247–R.

United States District Court, W.D. Oklahoma.

Aug. 31, 1987.

Jack L. Kinzie and Bobbie T. Shell, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for debtor.

Steven A. Schatten, Arthur S. Weissbrodt and Floyd I. Robinson, Judicial Litigation Div., Economic Regulatory Admin., U.S. Dept. of Energy, Washington, D.C., William S. Price, U.S. Atty., and Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, Okl., for the U.S. Dept. of Energy.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court are the two above-named consolidated bankruptcy appeals. Both appeals arise from the Chapter 11 bankruptcy case filed by William J. O'Connor (O'Connor).

The bankruptcy petition and schedules were filed in 1984. O'Connor originally failed to list the United States Department of Energy (DOE) as a creditor therein. The DOE learned of the bankruptcy and filed a proof of claim for violations of mandatory petroleum pricing regulations. In an Order dated September 24, 1986, 67 B.R. 538, Judge Berry determined that the DOE's proof of claim was for restitution and not to penalize. Thus he concluded that the DOE's claim should not be subordinate to the general unsecured creditors. The mandatory 10 day appeal period pursuant to Bankr.Rule 8002(a) expired on October 6, 1986.

On October 8, 1986, O'Connor filed his notice of appeal. On that same day O'Connor filed his motion for enlargement of time to file notice of appeal and obtained an ex parte order from Judge Bohanon allowing him to file his notice. Judge Bohanon granted the enlargement of time "for good cause shown." The DOE filed its objection to the enlargement of time on October 17, 1986.

Judge Lindsey, apparently unaware that Judge Bohanon had already allowed for an enlargement of time, denied O'Connor's motion on November 21, 1986 because the motion failed to show excusable neglect.[1] However, on December 3, 1986, Judge Lindsey vacated his November 21, 1986 order finding it improvidently issued since O'Connor had obtained prior approval from Judge Bohanon.

The DOE filed its notice of appeal from the December 3, 1986 order by Judge Lindsey vacating his prior order. This Court has consolidated this appeal with the prior appeal filed by O'Connor on October 8, 1986. This Court has also stayed the briefing on the merits of the September 24 order until the procedural matters have been decided.

There are two issues before this Court at this time. The first issue is whether Judge Lindsey properly vacated his November 21st order by his December 3rd order. The second issue is whether the appeal filed by O'Connor was timely filed or actually it is whether Judge Bohanon properly allowed O'Connor to file his notice of appeal after the mandatory 10 day appeal period had run.

■ This Court finds that Judge Lindsey properly vacated his prior order. When a notice of appeal is filed in the bankruptcy court, that court loses jurisdiction over the matter. A bankruptcy court has wide latitude to reconsider and even vacate its own prior decisions, but it has no jurisdiction to vacate or modify an order while on appeal. *Bialac v. Harsh Inv. Corp. (In re Bialac),* 694 F.2d 625, 627 (9th Cir.1982). *Accord, In re Emergency Beacon Corp.,* 58 B.R.

399, 402 (Bankr.S.D.N.Y.1986); *Air Vermont, Inc. v. Beech Acceptance Corp. (In re Air Vermont, Inc.),* 47 B.R. 536 (Bankr. D.Vt.1985). Thus when O'Connor filed his notice of appeal the bankruptcy court lost jurisdiction over the appeal and the procedural matters related thereto. Judge Lindsey was correct in vacating his prior order because he had no jurisdiction to issue the November 21st order. The resolution of this issue however is given less significance by the parties than the issue of the propriety of the original appeal.

Bankr.Rule 8001(a) provides that an appeal from a final judgment or order of the bankruptcy court is taken by filing a notice of appeal within the time period provided for in Bankr.Rule 8002. Bankr Rule 8002(a) provides that a notice of appeal *shall* be filed within 10 days of the entry of the order (emphasis added). Both parties agree that the appeal time ran on October 6 and that Bankr.Rule 8002(a) was not the basis for the appeal.

■ Exceptions to Bankr.Rule 8002(a) are found in Rule 8002(c). Rule 8002(c) allows a bankruptcy court to extend the time for filing the notice of appeal for an additional 20 days if the request is made within the original 10 days without any requisite finding by the bankruptcy court. However, if a party waits until after the 10 day period expires to request an extension of time to file a notice of appeal, the notice may only be filed upon a "showing of excusable neglect. Bankr.Rule 8002(c).[2]

In the order allowing O'Connor to file his notice of appeal a couple of days after the mandatory appeal time, Judge Bohanon

---

1. Because the notice of appeal and order allowing same to be filed were both on file. Judge Lindsey had constructive knowledge of these, even though he may not have had actual knowledge when he signed the November 21st Order.

2. There are five circumstances delineated in Bankr.Rule 8002(c) in which the appeal time cannot be extended. The DOE briefly argues in a footnote that this appeal qualifies as one of the exceptions.

The DOE argues that O'Connor should have commenced an adversary proceeding pursuant to Bankr.Rule 7001(8) to subordinate the DOE's claim. The commencement of the proceeding

would commence a case. The order dated September 24 would have dismissed the proceeding and thus would be "dismissing a case."

The Court is not convinced that a case was dismissed as provided for in the Rule. The court finds that this refers to the actual bankruptcy case itself. Immediately thereafter the Rule excludes orders "converting the case to a case under another chapter of the Code." The advisory committee notes refers to excluding orders relating to "dismissal or conversion of the case." Therefore this mere dismissal of an adversary claim is not a dismissal of a case excluded from extensions by Rule 8002(c).

had found "good cause shown." However Rule 8002(c) requires the showing of excusable neglect.

Bankruptcy Rule 8013 sets the standard for review on appeal. This standard is that when reviewing an order by a bankruptcy court, the findings of fact are not to be set aside unless clearly erroneous. *See Branding Iron Motel, Inc. v. Sandian Equity, Inc. (In re Branding Iron Motel, Inc.)* 798 F.2d 396, 399 (10th Cir.1986); *Jarboe v. United Bank of Denver, Colo. (In re Golf Course Building Leasing, Inc.)*, 768 F.2d 1167, 1169 (10th Cir.1985); *First Bank of Catoosa v. Reid (In re Reid)* 757 F.2d 230, 233–34 (10th Cir.1985).

▮ This Court finds that Judge Bohanon improperly allowed O'Connor to file his notice of appeal after the mandatory time period on two grounds. The first ground is that Judge Bohanon only found that O'Connor had shown "good cause." Good cause is not the requisite showing to allow an untimely appeal under Bankr.Rule 8002(c). A party must show excusable neglect and there was no showing or finding of excusable neglect. Good cause cannot be equated with excusable neglect. The advisory committee notes Bankr.Rule 8002 to state that it is an adaptation of Fed.R.App.P. 4(a). Rule 4(a)(5) allows an extension on the basis of "excusable neglect or good cause." The allowance of either finding in Rule 4(a)(5) implies that the two are not equal. Thus this Court need not give the bankruptcy court's finding the great deference usually accorded to findings of fact.

Even if this Court equates good cause with excusable neglect, this finding would have to be set aside as clearly erroneous.

When a party seeks an extension of time to file an appeal under Bankr.Rule 8002(c), a strict standard of excusable neglect is utilized. *Edmondson v. Bradford–White Corp. (In re Tinnell Traffic Serv. Inc.)*, 43 B.R. 280, 282 (Bankr.M.D.Tenn.1984). This strict standard is based in part upon the strict standard in defining excusable neglect when an appeal is filed pursuant to Fed.R.App.P. 4(a)(5). The Supreme Court has required that there be some unique circumstances justifying excusable neglect.

*See Harris Truck Lines, Inc. v. Chevy Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261, 263 (1962) (deciding case under former Fed.R.Civ.P. 73(a), from which Fed.R.App.P. 4(a) was derived).

The Second Circuit has said that a party must clearly show that the circumstances causing the delay were unique and that court's should not deviate from the letter of the rules without a compelling showing that the purposes behind the rules are being served. *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 76 (2d Cir.1978) (citations omitted). The Tenth Circuit requires a "real showing" of excusable neglect to allow an untimely filing of a notice of appeal. *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir.) *cert. denied.*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974).

A bankruptcy court has stated that there are three elements in defining excusable neglect under a strict standard which include:

"(1) good faith by the party seeking the extension of time;

(2) a reasonable basis for noncompliance; and

(3) a lack of prejudice to the opposing party."

*Edmondson, supra* at 282, *citing Sealy Uptown v. Kelly Lynn Franchise Co., Inc.*, 26 B.R. 441, 449 (Bankr.M.D.Tenn. 1983).

This Court finds that there was no reasonable basis for noncompliance. O'Connor and his attorney were both aware of the order in plenty of time to appeal. If he was undecided whether to appeal, O'Connor could have requested an extension within the 10 day period to allow for more time within which to appeal. This is not a unique circumstance to justify untimely filing.

One court has even held that failure to be able to contact the client within the 10 day period does not constitute excusable neglect. *See Ohio Citizens Bank v. Smith (In re Smith)*, 38 B.R. 685 (N.D.Ohio 1982) (this was just one basis for arguing excusa-

ble neglect although the court found that none constituted excusable neglect and that appellant had not even filed a motion for extension of time to file his notice).

This Court concludes that O'Connor's appeal from the order dated September 24th is untimely. A court acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal. *Gooch* at 368. Because the filing of the notice of appeal was untimely, this Court has no jurisdiction to decide the appeal from the September 24th order.

Accordingly, Judge Lindsey's order dated December 3, 1986 vacating his November 21, 1986 order, (Appeal in Case No. CIV 87–242–R) is hereby affirmed and O'Connor's appeal from the September 24th order (Appeal in Case No. CIV 87–247–R) is hereby dismissed for lack of jurisdiction.