930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick H. DAVIS, Defendant-Appellant.
 No. 90-3956.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and McRae, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion to strike affidavits and receipt from defendant's appellate brief, the response thereto, the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Defendant appeals the district court orders denying his Fed.R.Civ.P. 60(b) motion and reconsideration of that motion. Defendant was sentenced to 151 months imprisonment, three years of supervised release and a $50.00 special assessment for conspiracy to distribute and to possess with intent to distribute cocaine (count 1), interstate transportation in aid of racketeering enterprises (counts 2 and 4), and possession with intent to distribute cocaine and aiding and abetting (counts 3 and 5). He appealed the conviction (appeal No. 89-3633) which was affirmed on January 4, 1991.
 
 
 4
 On June 28, 1990, defendant filed a Fed.R.Civ.P. 60(b) motion in the district court seeking relief from the judgment and correction of sentence. That motion was filed on the basis that counsel on appeal failed to raise the ineffective assistance of trial counsel issue in the pending direct criminal appeal and that the appellate pro se brief was stricken by this court. The motion contained affidavits from persons, had they testified, defendant alleges would have exonerated him. The district court by order filed August 1, 1990, denied the Rule 60(b) motion. Appellate counsel then filed a motion in the district court to supplement the record with the affidavits included in the Rule 60(b) motion. The pro se filed objections to the August 1 order which the district court treated as a motion to reconsider. The district court denied the motions to supplement and reconsider in an order filed October 18, 1990. In a footnote to the order, the court advised that the August 1 order treated the Rule 60(b) motion as a 28 U.S.C. Sec. 2255 motion to vacate. Defendant timely appealed.
 
 
 5
 In his appellate brief, defendant argues that the district court improperly denied the Rule 60(b) motion and the motion to supplement the record on appeal.
 
 
 6
 The district court did not abuse its discretion. Fed.R.Civ.P. 1 provides that the Federal Rules of Civil Procedure apply to "suits of a civil nature." The Rule 60(b) motion was filed in a criminal case. The district court, however, treated such motion as a Sec. 2255 motion to vacate. Normally, a district court is precluded from considering a Sec. 2255 motion while review of the direct criminal appeal is pending, in the absence of extraordinary circumstances. United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir.1980); Jones v. United States, 453 F.2d 351, 352 (5th Cir.1972) (per curiam). The appellate ruling on the direct criminal appeal may render any collateral attack unnecessary. The district court uses its discretion in balancing the need for speedy relief against the need for conservation of judicial resources to determine whether extraordinary circumstances have been shown which warrant the consideration of a Sec. 2255 action while the direct criminal appeal is pending. United States v. Davis, 604 F.2d 474, 484-85 (7th Cir.1979). In defendant's Rule 60(b) motion, he states that the motion should be treated as a writ of coram nobis. Although an appeal is not an absolute bar to a concurrent coram nobis motion, defendant has the burden of proving the existence of extraordinary circumstances to warrant dual proceedings. United States v. Taylor, 648 F.2d 565, 572 (9th Cir.), cert. denied, 454 U.S. 866 (1981). Such extraordinary circumstances were not shown.
 
 
 7
 Defendant's claims of ineffective assistance of trial counsel and appellate counsel are properly raised in a 28 U.S.C. Sec. 2255 action. Page v. United States, 884 F.2d 300, 301 (7th Cir.1989); Moody v. United States, 874 F.2d 1575, 1578 (11th Cir.1989), cert. denied, 110 S.Ct. 1137 (1990). His claim that trial counsel was ineffective in failing to call three of the codefendants to testify was rejected by this court in the direct criminal appeal. This court, therefore, concludes that no extraordinary circumstances were shown and the district court did not abuse its discretion in denying the motions seeking relief from judgment while an appeal was pending in this court.
 
 
 8
 It is ORDERED that the motion to strike the affidavits and copy of a receipt attached to the defendant's appellate brief be, and it hereby is, granted and the August 1 and October 18 orders be, and they hereby are, affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation