**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41485
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY FANTOZZI,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. C-03-CV-223
and C-01-CR-135-1
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Anthony Fantozzi, federal prisoner # 45227-083, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion as time-barred. He argues that the district court erred in using the date of the finality of his conviction as the starting date for the one-year time limit for filing his 28 U.S.C. § 2255 motion, rather than the later date on which he discovered that his trial counsel had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to perfect his appeal.  He seeks a COA to present his claim that he received ineffective assistance of counsel because his trial counsel failed to perfect his direct appeal, among other claims.

However, the record shows that on March 15, 2002, Fantozzi filed a motion to proceed in forma pauperis (IFP) on appeal following the entry of the judgment of conviction and within the 10-day time limit for filing a notice of appeal, which clearly evinced his intent to file a direct appeal.  See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  Consequently, Fantozzi's motion to proceed IFP should be construed as a timely notice of direct appeal from the judgment of conviction, and we will not consider the arguments raised in Fantozzi's COA application because "[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."  Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988).

Accordingly, we grant COA and vacate the district court's order denying 28 U.S.C. § 2255 relief and judgment entered on September 24, 2003, and its order denying Fantozzi's motion for reconsideration entered on October 31, 2003.  On remand, the district court is instructed to (1) dismiss Fantozzi's 28 U.S.C. § 2255 motion without prejudice; (2) construe Fantozzi's motion for

leave to proceed IFP on appeal filed on March 15, 2002, as a timely notice of direct appeal of its judgment entered on March 14, 2002; and (3) direct its clerk to file Fantozzi's motion for leave to proceed IFP on appeal filed on March 15, 2002, as a notice of direct appeal from the district court's judgment entered on March 14, 2002.

APPLICATION FOR COA GRANTED; VACATED AND REMANDED.