United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20781
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO A. RAMOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-457-4
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Julio A. Ramos, federal prisoner # 60283-004, filed a motion under FED. R. CRIM. P. 41 seeking the return of property seized pursuant to his arrest on criminal charges. The district court denied the motion.

Ramos then filed a FED. R. CIV. P. 60(b)(3) motion for relief from the judgment denying the motion for return of property, and he subsequently sought moved for leave to amend or supplement his Rule 60(b)(3) motion. The district court, treating the latter as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to vacate under 28 U.S.C. § 2255, denied the motion. The district court also denied Ramos's motion for clarification of its ruling. This appeal follows.

Ramos argues that he was entitled to amend his Rule 60(b)(3) motion. He also contends that the district court erred in construing his motion for leave to amend or supplement as a motion to vacate.

Because Ramos filed his motion for the return of property after the completion of criminal proceedings, his motion should have been treated as a civil action for the return of property under 28 U.S.C. § 1331. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000). We agree with Ramos that the district court erred in treating his motion for leave to amend or supplement as a motion to vacate. See Castro v. United States, 540 U.S. 375, 383 (2003); Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972). Accordingly, we VACATE the district court's order denying Ramos's motion for leave to amend or supplement and we likewise VACATE the order denying his motion for clarification.

We note that the district court has not ruled on Ramos's FED. R. CIV. P. 60(b)(3) motion. We REMAND for further proceedings not inconsistent with this opinion. Ramos's motion for leave to supplement the record is DENIED. See Trinity Indus., Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).

VACATED AND REMANDED; MOTION DENIED.