# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2025

Lyle W. Cayce
Clerk

————————

No. 25-30081
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BUSCH SEREAL,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-116-1

———————————————————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant Busch Sereal moved in the district court for a resentencing hearing based on a favorable state court ruling in a criminal matter and for an indicative ruling on his motion for a resentencing hearing. Proceeding pro se, Sereal now appeals from the district court's order denying those motions.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30081

Sereal argues that, because a state court ruling[1] reduced his range of imprisonment, he is entitled under *United States v. Nichols*, 30 F.3d 35 (5th Cir. 1994), to have his federal sentence vacated, followed by a full resentencing hearing. He further argues that the district court abused its discretion by failing to enter an indicative ruling on his motion for a resentencing hearing. The Government contends in its letter brief that the district court was correct in determining that there was no basis under 18 U.S.C. § 3582(c) that permitted the modification of Sereal's sentence based on the state court ruling.

Federal courts have limited jurisdiction, and thus they lack authority to adjudicate claims in the absence of jurisdiction conferred by Congress and the Constitution. *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008). Here, Sereal's motion for a resentencing hearing does not "fall into any of the recognized categories of postconviction motions" for federal prisoners. *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020). Sereal's reliance on *Nichols*, where we determined that relief under 28 U.S.C. § 2255 is appropriate when a state conviction that formed the basis of a career offender designation is invalidated after federal sentencing, is unavailing because Sereal's motion for a resentencing hearing was filed and decided during the pendency of his direct appeal,[2] when he could not obtain § 2255 relief. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).

As shown by the foregoing, Sereal's appeal centers around an unauthorized motion that lacked a jurisdictional basis. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, the district court's order

---

[1] *State of Louisiana v. Sereal, Jr.*, No. 1997-CR-32158 (15th Jud. Dist. Ct. Vermillion Parish, Feb. 14, 2024).

[2] *United States v. Sereal*, 153 F.4th 493 (5th Cir. 2025).

No. 25-30081

denying Sereal's motions is AFFIRMED. *Id.* Sereal's motion to proceed in forma pauperis on appeal is DENIED as moot.