# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2026

Lyle W. Cayce
Clerk

No. 25-10934

WILLIAM MORRIS RISBY,

*Petitioner—Appellant*,

*versus*

KRISTI CIOLLI, *Warden, Federal Correctional Institution, Seagoville*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2799

Before JONES, RICHMAN, and HAYNES, *Circuit Judges*.
PER CURIAM:[*]

William Morris Risby, federal prisoner # 31495-077, moves for leave to proceed in forma pauperis (IFP) in his appeal of the dismissal, for lack of jurisdiction, of his civil action, which he styled as a motion under Federal Rule of Civil Procedure 60(b)(3). By moving to proceed IFP, Risby challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10934

In his pro se filings, which we liberally construe, *see Morrow v. F.B.I.*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Risby largely renews the substantive claims he raised in his district court filings. As to the dismissal of his action for lack of jurisdiction, Risby contends that the district court erred to the extent it treated his action as a habeas petition. He argues that he properly filed a fraud-based petition under Rule 60(b)(3).

A litigant may obtain relief from an order or judgment on account of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Rule 60(b) cannot be used to challenge criminal detention; instead, challenges to pretrial detention are properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). However, to the extent Risby raised claims based on his pretrial detention that were cognizable under § 2241, "such claims for federal habeas relief for pretrial issues [were] mooted by [Risby's] subsequent conviction." *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993). To the extent Risby challenged his conviction, such claims were premature because his direct appeal had not been adjudicated when his action was filed, and thus his claims "were not entitled to consideration on the merits." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).

In view of the foregoing, Risby fails to demonstrate a nonfrivolous issue for appeal. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

2